■ In the Matter of SAM COGLE, Appellant, v THOMAS A. COUGHLIN, as Commissioner of the New York State Department of Correctional Services, et al., Respondents.—Casey, J. Appeal from a judgment of the Supreme Court (Lewis, J.), entered August 10, 1989 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found to have violated inmate rules 100.11 (assault) and 102.10 (threat). The violations occurred on December 30, 1989 when petitioner was denied yard recreation and used foul language toward a correction officer. Petitioner was also alleged to have reached through the bars and hurled a bar of soap at the officer. At the disciplinary hearing, petitioner waived his right to an assistant and requested two witnesses on his behalf. The time then noted in the record was 11:05 A.M. After petitioner gave his explanation of the incident he was asked to step outside to await the arrival of his witnesses. The time noted was 11:09 A.M. and the tape was turned off. After petitioner's two witnesses had testified, petitioner was again asked to step outside the hearing room and the time noted was 11:25 A.M. Without any indication as to whether the tape had been stopped or the amount of time that had passed, the Hearing Officer noted that petitioner was returned to the room. The disposition of guilty, with a penalty of 120 days in keeplock without privileges, was read to petitioner, and he was given a written copy of the disposition. The time noted was 11:44 A.M. and the tape was turned off. The determination of the Hearing Officer was administratively affirmed and petitioner commenced this CPLR article 78 proceeding, which Supreme Court dismissed for insufficiency.

On his appeal here, petitioner argues that the Hearing Officer was partial in that he had completed the disposition form before the hearing commenced. This contention is based solely on petitioner's claim that since the transcript does not state that the tape was turned off at 11:25 A.M., after the completion of the testimony, there was an insufficient interval of time to allow for the preparation of the dispositional report, so that it must have been preprepared. The Hearing Officer vehemently denied petitioner's contention. Supreme Court found that petitioner's claim was meritless, concluding that the tape was turned off at 11:25 A.M. at the close of the testimony. The hearing was noted to have been concluded at 11:44 A.M. Supreme Court, therefore, found that petitioner was out of the room for approximately 15 minutes while the dispositional report was being prepared. Petitioner claims that Supreme Court's conclusion is not supported by the record, but the inferences drawn by Supreme Court are at least as reasonable as those advanced by petitioner. Since petitioner bore the burden of showing bias and that the outcome of the hearing flowed from the alleged bias (see, Matter of Nieves v Coughlin, 157 AD2d 943, 944), the petition was properly dismissed.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.