In the Matter of LEROY McCOY, Petitioner, v ARTHUR LEONARDO, as Superintendent of Great Meadow Correctional Facility, Respondent.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Washington County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found to have violated prison rule 104.10 (rioting) and received a disciplinary penalty of one year in the special housing unit with a loss of privileges and a recommended one-year loss of good time.[1] The prison disturbance occurred on May 26, 1990 at Attica Correctional Facility in Wyoming County. A misbehavior report was written on May 30, 1990 by a correction officer[2] who personally observed petitioner, with whom he was familiar, participate in the

---

1. The penalty initially imposed of two years' confinement in the special housing unit and two years' loss of good time was modified downward on administrative appeal.

2. Misbehavior reports charging petitioner with violations of prison disciplinary rules were also written by two other correction officers. One was dismissed due to a procedural error and the second was subsequently reversed on administrative appeal.

disturbance. The disciplinary tier III hearing was adjourned due to the transfer of petitioner to a different correctional facility and finally commenced on June 6, 1990. At that hearing, the correction officer's testimony as to his observations was received by use of a telephone.

Petitioner contends that the determination is not supported by substantial evidence. Contrary to petitioner's suggestion, the testimony of the correction officer together with the misbehavior report fully supports the determination. Substantial evidence is such proof as a reasonable mind may accept as adequate to support the conclusion or ultimate fact *(see, Matter of Berenhaus v Ward,* 70 NY2d 436, 443; *People ex rel. Vega v Smith,* 66 NY2d 130, 139; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180). Resolution of conflicts in testimony and issues of credibility are within the province of the Hearing Officer *(see, Matter of Berenhaus v Ward, supra,* at 443-444).

We also find petitioner's complaint of delay in the commencement and completion of the hearing to be without merit. 7 NYCRR 251-5.1 requires that a tier III hearing be commenced within seven days of the confinement and be completed within 14 days of the writing of the misbehavior report, absent authorization for any delay. The misbehavior report here was dated May 30, 1990 and the hearing was completed on June 11, 1990, within the 14-day time period. While there was a delay in the commencement of the hearing, such delay was authorized because of petitioner's transfer from one facility to another on May 29, 1990 *(see, Matter of Taylor v Coughlin,* 135 AD2d 992, 993; *see also, Matter of Vogelsang v Coombe,* 66 NY2d 835, *affg* 105 AD2d 913). The other adjournments occurred in order to complete telephone contact with the witnesses desired by petitioner and to await the videotape of the prison yard disturbance, and they were authorized as required by regulation (7 NYCRR 251-5.1).

Finally, petitioner contends that he was denied an impartial hearing because the version of the events testified to by him and his witness was not accepted. Again, the resolution of credibility and conflicting evidence is the responsibility of the Hearing Officer *(Matter of Berenhaus v Ward, supra)* and is not indicative of prejudice or bias. The burden of proving prejudice or bias and that the outcome of the hearing flowed from the alleged bias was upon petitioner *(see, Matter of Cogle v Coughlin,* 166 AD2d 803). We find no support in the record for petitioner's assertions *(see, Matter of Gayle v LeFevre,* 139 AD2d 866; *Matter of Aliym v Miles,* 138 AD2d 833).

Mahoney, P. J., Casey, Levine and Mercure, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.