■ In the Matter of KEITH MURRAY, Petitioner, v LOUIS F. MANN, as Superintendent of Shawangunk Correctional Facility, Respondent. [598 NYS2d 373] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, while an inmate at Shawangunk Correctional Facility in Ulster County, was charged in two misbehavior reports with violating eight prison disciplinary rules. The first report was based on petitioner allegedly refusing an order to surrender an item in his possession to correction officers. The second report was based on a search of petitioner's cell revealing items which had allegedly been altered without authorization. After a tier III Superintendent's hearing, petitioner was found guilty of only four of the charges, i.e., refusing a direct order, altered State bedding, refusing to be searched and altered personal property. That finding was affirmed on administrative appeal and petitioner commenced this proceeding seeking to annul the determination.

Initially, we are of the view that petitioner should not have been found guilty of possessing unauthorized altered personal property *(see,* 7 NYCRR 270.2 [B] [17] [ii]). The Hearing Officer accepted petitioner's statement that a correction officer at another facility had authorized his alteration of the item at issue. We also note that respondent has conceded that this charge cannot stand. Nevertheless, because the disciplinary penalty of restrictive confinement has already been served and there was no recommended loss of good time, the matter need not be remitted for administrative reconsideration of the

penalty imposed *(see, Matter of Tumminia v Coughlin,* 175 AD2d 383).

We turn next to petitioner's claim that he should have been permitted to inquire further into the reasons why he was frisked in the first place and why his cell was "destroyed" when it was searched. The charges against petitioner, however, were not imposed because of petitioner's allegation that the frisk and destruction of the cell were in retaliation for his refusing to become an informant, but were filed only after petitioner refused an order and after the items were found in his cell. Any reason behind the frisk or the destruction of the contents of his cell played no part in the filing of the charges against him *(see, Matter of Siders v LeFevre,* 145 AD2d 874).

We also reject petitioner's claim that his right to call witnesses was impermissibly denied. The record supports the Hearing Officer's conclusion that the testimony of these witnesses was either immaterial or redundant *(see,* 7 NYCRR 254.5 [a]; *Matter of Nieves v Coughlin,* 157 AD2d 943). In addition, although petitioner was not provided with a written reason for the exclusion of one of the witnesses, there was no resulting prejudice because the reasons for the denial were fully set forth at the hearing *(see, Matter of Wiederhold v Scully,* 141 AD2d 550).

There is also no merit to petitioner's assertion that the hearing was not timely completed. In calculating the 14-day time period under 7 NYCRR 251-5.1 (b), the day the misbehavior report is written is excluded *(see, Matter of Afrika v Edwards,* 160 AD2d 1212). Here, because the misbehavior reports were written on April 23, 1992 and the hearing completed on May 7, 1992, the 14th day, the time constraints of the regulation were satisfied. Finally, there is no support in the record for petitioner's claim of bias on the part of the Hearing Officer *(see, Matter of Cogle v Coughlin,* 166 AD2d 803). Petitioner's remaining contentions have been examined and rejected for lack of merit.

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing unauthorized altered personal property; respondent is directed to expunge from petitioner's institutional record all references thereto; and, as so modified, confirmed.