■ In the Matter of JAMES LEE, Petitioner, v JOSEPH McCOY, as Superintendent of Cayuga Correctional Facility, et al., Respondents. [649 NYS2d 842] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was an inmate at Cayuga Correctional Facility in Cayuga County when he was found guilty of violating prison rules prohibiting verbal interference, verbal harassment, disturbing the facility's order, threats and rioting. This determination was affirmed by respondent Commissioner of Correctional Services.

Petitioner then commenced this CPLR article 78 proceeding, contending that the determination was not supported by substantial evidence. We disagree. Adduced in evidence against petitioner at the hearing was the testimony of two correction officers who had observed the misconduct in question. Also in evidence was a detailed misbehavior report that we deem "sufficiently relevant and probative" to support the determination of petitioner's guilt on its own merit (*Matter of Perez v Wilmot*, 67 NY2d 615, 616-617; *see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). To the extent that petitioner's testimony and that of his inmate witnesses was in conflict with the testimony of the correction officers and with the narration of the misbehavior report, such conflict presented an issue of credibility which was appropriately determined by the Hearing Of-

ficer (*see, Matter of Foster v Coughlin, supra*, at 966). The fact that the Hearing Officer limited petitioner's questions to relevant matters, sought clarification of his position and found certain witnesses more credible than others is not indicative of bias (*see, Matter of Cowart v Pico*, 213 AD2d 853, 855, *lv denied* 85 NY2d 812; *Matter of McCoy v Leonardo*, 175 AD2d 358, 359). Accordingly, we reject petitioner's claim that the hearing was not conducted in a fair and impartial manner.

Cardona, P. J., White, Casey, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.