■ In the Matter of MELVIN BAILEY, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the Department of Correctional Services, Respondent. [649 NYS2d 843] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a hearing, petitioner was found guilty of creating a disturbance and refusing a direct order as charged in an inmate misbehavior report. Petitioner challenges this determination, contending that he was denied his right to choose an employee assistant and call certain witnesses and that his employee assistant was inadequate. Finding none of these claims to be meritorious, we confirm the determination.

On the inmate assistant selection form signed by petitioner, petitioner selected, in no particular preferential order, three employees from whom he wished to receive assistance in his defense against the charges and was ultimately assigned one of these selected employees. Given these facts, we reject petitioner's contention that he was denied the right to an assistant of his choice in violation of 7 NYCRR 251-4.1 (a) (2) (*see, Matter of Bernacet v Coughlin*, 145 AD2d 802, *lv denied* 74 NY2d 603). We also find that the Hearing Officer properly refused petition-

er's request to call respondent, an Assistant Attorney-General and the United States Attorney General as witnesses at the hearing, as none of the individuals could provide testimony relevant to the charges at issue (*see*, 7 NYCRR 254.5 [a]). Finally, to the extent that petitioner argues that he was denied adequate employee assistance because his assistant failed to contact these three individuals on his behalf, this argument is similarly rejected (*see, Matter of Rodriguez v Coughlin*, 211 AD2d 926, 927).

Cardona, P. J., Mercure, Yesawich Jr., Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.