■ In the Matter of PAUL KEITH, Appellant, v PHILIP COOMBE, JR., as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [653 NYS2d 401] —Appeal from a judgment of the Supreme Court (Feldstein, J.), entered March 29, 1996 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Clinton Correctional Facility in Clinton County, was found guilty of violating prison disciplinary rule 106.10 (7 NYCRR 270.2 [B] [7] [i]) (refusing to obey a direct order) and rule 109.12 (7 NYCRR 270.2 [B] [10] [iii]) (interfering with inmate movement). Petitioner admits that he

refused a correction officer's order to move from his single-occupancy cell to a double-occupancy cell but contends that his refusal was motivated by a memorandum, issued by the facility's Superintendent, stating that "to the extent possible * * * older established inmates" would not be moved into double cells. Although petitioner fits the description of an "older established inmate", he cannot rely upon the Superintendent's memorandum as excusing his misconduct. Inmates may not refuse to obey orders issued by correction officers, even if the orders appear to be without authority or to infringe upon the inmate's constitutional rights (*see, Matter of Rivera v Smith*, 63 NY2d 501, 511; *Matter of Scott v Leonardo*, 178 AD2d 865). Petitioner could have avoided this disciplinary proceeding by obeying the order and then filing a grievance. Under the circumstances presented here, the determination that petitioner violated rule 106.10 is appropriate.

Predicated upon respondents' consent, we shall annul that portion of the determination finding petitioner guilty of violating disciplinary rule 109.12. Because the disciplinary penalty involved the loss of six months of good time, the matter must be remitted for administrative reconsideration of that penalty (*compare, Matter of Eastman v Mann*, 212 AD2d 923, 924; *Matter of Murray v Mann*, 193 AD2d 1038).

Mikoll, J. P., Mercure, White, Casey and Spain, JJ., concur. Ordered that the judgment is modified, on the facts, without costs, by reversing so much thereof as dismissed that part of the petition challenging the violation of disciplinary rule 109.12; petition granted to that extent and determination of guilt on said charge annulled, respondents are directed to expunge from petitioner's record all references thereto, and matter remitted to respondents for an administrative redetermination of the penalty of loss of good time; and, as so modified, affirmed.