■ In the Matter of CHARLES KNOWLES, Petitioner, v PHILIP COMBE, JR., as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [653 NYS2d 437] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, while an inmate at Shawangunk Correctional Facility in Ulster County, was charged with refusing a direct order and refusing to follow facility regulations. The charges were based on petitioner's alleged refusal to accept double bunking. Following a tier III hearing, petitioner was found guilty of both charges. On administrative appeal the finding was upheld. Petitioner then commenced this proceeding challenging the determination.

We confirm. Initially, we find that the determination of guilt was supported by substantial evidence. The misbehavior report, written by a correction officer who witnessed the incident, was "sufficiently relevant and probative" by itself to support the finding of guilt (*Matter of Perez v Wilmot*, 67 NY2d 615, 616-617). The report was further bolstered by the testimony of the correction officer who actually issued the order. His testimony was consistent with the facts as set forth in the misbehavior report. Together they provide substantial evidence to support the determination (*see, Matter of Delgado v Coombe*, 223 AD2d 913). To the extent that petitioner's version of the events conflicts with the documentation and the correction officer's testimony, this merely presented an issue of credibility for the Hearing Officer to resolve (*see, Matter of Fleming v Coughlin*, 222 AD2d 835). We also note that petitioner's objection to the policy of double-bunking is not an acceptable reason for resisting an order. "[S]elf-help by the inmate cannot be recognized as an acceptable remedy" (*Matter of Rivera v Smith*, 63 NY2d 501, 515).

We find no support for petitioner's contention that the Hearing Officer was biased "or that the outcome of the hearing flowed from such bias" (*Matter of Parker v Coughlin*, 211 AD2d 929). The record discloses that the hearing was conducted in a fair and impartial manner. Finally, insofar as petitioner has failed to demonstrate that the alleged omissions of his employee assistant prejudiced his defense, we reject his contention that the assistance was ineffective (*see, Matter of Bryant v*

*Mann*, 199 AD2d 676). Petitioner's remaining arguments have been reviewed and rejected for lack of merit.

Mercure, White, Casey and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.