■ In the Matter of ELADIO GUERRERO, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [657 NYS2d 1016] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

On August 24, 1995, petitioner, a prison inmate, was transferred to Eastern Correctional Facility in Ulster County and placed in a double occupancy cell. Shortly after his arrival, petitioner's cellmate attempted to assault him and petitioner was moved out of the cell. When petitioner refused to return to a double occupancy cell, a misbehavior report was issued and a disciplinary hearing was held. He was found guilty of violating prison disciplinary rules requiring that he obey a direct order and follow staff direction relating to movement within the facility. Upon administrative review, the determination of guilt was affirmed but the penalty was found excessive. Petitioner thereafter commenced this CPLR article 78 proceeding.

Petitioner seeks to annul the determination on the ground that, *inter alia*, it is not supported by substantial evidence. We disagree. The misbehavior report coupled with petitioner's admission that he refused to comply with an order to return to a double occupancy cell provided sufficient evidence to support a finding of guilt. "Inmates may not refuse to obey orders issued by correction officers, even if the orders appear to be without authority or to infringe upon the inmate's constitutional rights" (*Matter of Keith v Coombe*, 235 AD2d 879, 880 [citations omitted]).

Similarly without merit are petitioner's claims that the hearing was untimely, that certain witnesses were improperly excluded from testifying and that the Hearing Officer should not have presided over the hearing. Although the hearing was not conducted within 14 days of the September 1, 1995 misbehavior report, we find that the hearing was timely

concluded pursuant to two valid extensions (*see, Matter of Kron v Coombe*, 233 AD2d 641; *see also*, 7 NYCRR 251-5.1 [b]) and that petitioner was not prejudiced by the delay (*see, Matter of Ramsey v Commissioner of N. Y. State Dept. of Correctional Servs.*, 231 AD2d 760, 761). We further find that the Hearing Officer properly refused to allow several individuals to testify as witnesses since these individuals had no personal knowledge of or information about the incident alleged in the misbehavior report (*see, Matter of Bailey v Coombe*, 233 AD2d 636). Finally, petitioner's contention that the Hearing Officer should not have presided at the hearing has not been preserved for our review (*see, Matter of Boswell v Coombe*, 231 AD2d 940; *Matter of Cowart v Coughlin*, 193 AD2d 887). Were we to address the merits of this contention, we would find that petitioner's allegation that the Hearing Officer "was directly involved in the incident" has no support in the record.

Petitioner's remaining contentions have been examined and are either unpreserved for our review or lack merit.

Cardona, P. J., Casey, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.