■ In the Matter of KEVIN NELSON, Petitioner, v DONALD SELSKY, as Director, Special Housing/Inmate Disciplinary Program, et al., Respondents. [658 NYS2d 486]—White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged with violating prison disciplinary rules prohibiting inmates from threatening to commit an unhygienic act and verbally harassing prison employees. During the tier III disciplinary hearing, petitioner denied the charges that he had threatened and harassed a correction officer and one of his inmate witnesses confessed that he, and not petitioner, was the inmate responsible for making the objectionable comments described in the misbehavior report. Despite this confession, the correction officer steadfastly maintained that petitioner was the responsible individual. Petitioner was subsequently found guilty of the charges and the determination was affirmed on administrative appeal. Petitioner thereafter commenced this CPLR article 78 proceeding.

We confirm. In our view, the misbehavior report, combined with the testimony of the correction officer who authored the report and who was the victim of the threats and harassment, provides ample evidence to support the finding of guilt (*see, Matter of Sime v Selsky*, 236 AD2d 650, 651). The conflict between the testimony of petitioner and his inmate witnesses and that of the correction officer merely presented an issue of credibility which the Hearing Officer was free to resolve against petitioner (*see, id.; Matter of Lee v McCoy*, 233 AD2d 633). The fact that the Hearing Officer credited the testimony of the correction officer over that of petitioner and his inmate witnesses is not indicative of bias (*see, Matter of Lee v McCoy, supra; Matter of Wan v Selsky*, 231 AD2d 812, 813-814). Upon

our review of the record, we find nothing to suggest that petitioner was afforded anything less than a fair and impartial hearing.

Petitioner did not object to the timeliness of the hearing during the disciplinary hearing or on administrative appeal and, thus, has not preserved this issue for our review (*see, Matter of Hubert v Coombe*, 233 AD2d 644, 645). Nevertheless, were we to consider this issue we would find that the hearing was timely completed within 14 days of the writing of the misbehavior report (*see,* 7 NYCRR 251-5.1 [b]). Contrary to petitioner's claim, the seven-day rule is inapplicable (*see,* 7 NYCRR 251-5.1 [a]) because the record discloses that at the time of the incident petitioner was already in restrictive confinement (*see, Matter of Polanco v Coughlin*, 196 AD2d 943; *Matter of Young v Coughlin*, 144 AD2d 753, *lv dismissed* 74 NY2d 625). Petitioner's remaining contentions have been examined and found to be either unpreserved for our review or lacking in merit.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.