■ In the Matter of Angel Barreto, Petitioner, v Glenn S. Goord, as Commissioner of the Department of Correctional Services, et al., Respondents. [664 NYS2d 143] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Following a tier III disciplinary hearing, petitioner, an inmate at Southport Correctional Facility in Chemung County, was found guilty of violating a prison disciplinary rule prohibiting inmates from committing an unhygienic act. Petitioner was charged with the rule violation after feces was discovered on the bars of a cell located adjacent to the one in which petitioner was housed. The determination was affirmed upon administrative appeal, following which petitioner commenced this CPLR article 78 proceeding seeking to annul the determination. Supreme Court subsequently transferred the case to this Court pursuant to CPLR 7804.

We confirm. Initially, we find no merit to petitioner's claim

that the hearing was not timely commenced or concluded. Inasmuch as petitioner was already confined as the result of an unrelated matter, the seven-day rule for commencing the hearing was inapplicable (*see*, 7 NYCRR 251-5.1 [a]; *Matter of Nelson v Selsky*, 239 AD2d 795, 796). Although the hearing was not concluded within 14 days of the writing of the misbehavior report (*see*, 7 NYCRR 251-5.1 [b]), it was concluded pursuant to two valid extensions, both of which had been granted to enable petitioner to obtain the testimony of staff witnesses (*see*, *Matter of Guerrero v Coombe*, 239 AD2d 676, 677).

Petitioner's contention that he was denied the right to call certain witnesses is also unavailing. The record clearly establishes that these potential witnesses had no personal knowledge of the incident and petitioner could not otherwise demonstrate that their testimony would be material or relevant to the case at hand (*see*, *id.*, at 677; *see also*, 7 NYCRR 254.5 [a]). We similarly do not find that petitioner was denied the right to effectively question those witnesses who did testify. Petitioner was allowed a full opportunity to submit questions for the witnesses and was restricted only when the Hearing Officer properly determined that the proposed questions lacked relevancy.

Finally, despite the lack of eyewitness testimony, we find that the misbehavior report, coupled with the testimony of the correction officer who authored the report and those officers who investigated the incident, were sufficiently probative to supply substantial evidence supporting the determination of guilt (*see*, *Matter of Hernandez v Coombe*, 228 AD2d 760; *Matter of Maya v Coughlin*, 216 AD2d 614).

Mercure, J. P., Casey, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.