■ In the Matter of ALI RASHID, Appellant, v ROBERT KETCHUM, as Hearing Officer, et al., Respondents. [668 NYS2d 721] —Appeal from a judgment of the Supreme Court (Teresi, J.), entered April 23, 1997 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, *inter alia*, to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

After refusing to move into a double occupancy cell, petitioner, a prison inmate, was charged in a misbehavior report and, after a hearing, found guilty of refusing to obey a direct order and failing to follow staff directions relating to movement within the facility in violation of prison disciplinary rules. The determination of guilt was affirmed on administrative appeal, although the penalty was modified to 180 days in the special housing unit with a loss of certain privileges and good time credit. Petitioner commenced this CPLR article 78

proceeding seeking to annul the determination. Supreme Court denied the petition and we affirm.

Petitioner's attempt to excuse his misconduct by claiming that the former double-bunking regulation (9 NYCRR former 7621.5) violated his right to practice his religion is unavailing because, even if this were so, it has been recognized that inmates are not free to disobey the orders of correction personnel, even if such orders appear to be unauthorized or infringe upon the inmate's constitutional rights (*see, Matter of Rivera v Smith*, 63 NY2d 501, 515-516; *Matter of Keith v Coombe*, 235 AD2d 879). The detailed misbehavior report and petitioner's admission that he had refused the order of the correction officer to move into the double occupancy cell provide substantial evidence to support the determination (*see, Matter of Guerrero v Coombe*, 239 AD2d 676; *Matter of Knowles v Coombe*, 236 AD2d 659).

Mercure, J. P., Crew III, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.