■ In the Matter of KOURIOCKEIN VANN, Petitioner, v JOSEPH COSTELLO, as Superintendent of Mid-State Correctional Facility, Respondent. [727 NYS2d 918] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

The detailed misbehavior report, together with the testimony of its author and a second correction officer who witnessed the incident, provides substantial evidence to support the determination finding petitioner guilty of refusing a direct order (*see, Matter of Zarvela v Goord*, 270 AD2d 532, *lv denied* 95 NY2d 758). Inasmuch as the record contains no evidence that the correction officer who authored the report was aware of an action that petitioner claimed to have recently commenced against him and a number of other officers, an issue that petitioner could have explored when the author testified, we see no error in the Hearing Officer's refusal to accept the documentary evidence of that action offered by petitioner as the basis for his retaliation claim. Petitioner was not entitled to employee assistance in the tier II hearing (*see, Matter of Booker v Rivera*, 276

AD2d 985) and we reject his claim that the matter was so complex that the Hearing Officer erred in failing to exercise the discretionary authority to provide assistance (*see*, 7 NYCRR 251-4.1 [b]), particularly in the absence of any evidence of prejudice to petitioner from the lack of assistance (*see*, *Matter of Cliff v De Celle*, 260 AD2d 812, *lv denied* 93 NY2d 814). The record neither supports petitioner's remaining claim of Hearing Officer bias nor demonstrates that the outcome of the hearing flowed from the alleged bias rather than from the substantial evidence of petitioner's guilt (*see*, *Matter of Vicioso v Goord*, 266 AD2d 655).

Cardona, P. J., Mercure, Peters, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.