In the Matter of ROBERT DAVIS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [753 NYS2d 409] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting inmates from refusing to obey a direct order after he was charged with having refused to comply with a correction officer's orders to enter his newly-assigned cell. We find that the misbehavior report, prepared by the officer who witnessed the charged misconduct, was sufficiently detailed and probative to constitute substantial evidence of petitioner's guilt, especially when viewed with petitioner's own statements (*see Matter of Rashid v Ketchum*, 247 AD2d 670, 671; *Matter of Guerrero v Coombe*, 239 AD2d 676). Hence, the determination under review will not be disturbed.

Petitioner contends that any failure to obey the officer's

orders was justified on the ground that he had been assigned to a shared cell which ran counter to his understanding that he is not eligible for double-bunking. It is well settled, however, that inmates are not permitted "to decide for themselves which orders to obey and which to ignore" (*Matter of Rivera v Smith*, 63 NY2d 501, 516). To avoid sanctions, an inmate must comply with a direct order, even if he or she perceives it to be improper (*see Matter of Thompson v Selsky*, 289 AD2d 809). Redress may be sought thereafter through the grievance procedure established by the Department of Correctional Services (*see Matter of Walker v Senkowski*, 294 AD2d 635). The remaining issues raised by petitioner have been examined and found to be without merit.

Cardona, P.J., Peters, Spain, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.