■ In the Matter of SAMUEL WINBUSH, Petitioner, v THOMAS RICKS, as Superintendent of Upstate Correctional Facility, et al., Respondents. [759 NYS2d 709] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Superintendent of Upstate Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier II disciplinary hearing, petitioner was found guilty of violating the prison disciplinary rules prohibiting violent conduct and creating a disturbance. As related in the misbehavior report, the reporting officer was making his rounds when petitioner and his bunkmate informed him that they needed to be transferred to different cells because they were not getting along. They then began a wrestling match which persisted until additional officers succeeded in separating them. Substantial evidence of petitioner's guilt of the charged misconduct was presented in the form of the misbehavior report and the fight investigation report, both of which were prepared by the correction officer who witnessed the conduct in question (*see Matter of Davis v Goord,* 301 AD2d 1002 [2003]; *Matter of Knowles v Coombe,* 236 AD2d 659 [1997]). Additional evidence was provided by petitioner's own testimony wherein he described his previous unsuccessful attempts to obtain a single cell through written and oral requests to prison authorities

and his ultimate conclusion that the only way to obtain a single cell was to demonstrate his incompatibility with his cellmate by staging a fight with him.

Petitioner's objection to double-bunking does not excuse his misconduct (*see Matter of Cruz v Goord,* 273 AD2d 569 [2000]; *Matter of Rashid v Ketchum,* 247 AD2d 670, 671 [1998]). It is well settled that "self-help by [an] inmate cannot be recognized as an acceptable remedy" for the purpose of redressing perceived wrongs (*Matter of Rivera v Smith,* 63 NY2d 501, 515 [1984]). The remaining contentions raised herein, including petitioner's assertion that he was denied access to certain documentary evidence, have been examined and, to the extent that they have been preserved for our review, have been found to lack merit.

Cardona, P.J., Crew III, Peters, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.