In the Matter of RAFAEL RIVERA, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [767 NYS2d 701]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner challenges a determination finding him guilty of violating the prison disciplinary rule prohibiting inmates from making or possessing alcohol. As related in the misbehavior report, a strong odor of fermentation emanating from petitioner's locker led to its search disclosing two hollowed-out apples in a styrofoam cup, each of which contained an amber liquid that smelled strongly of alcohol.

Substantial evidence of petitioner's guilt was presented at his disciplinary hearing in the form of the misbehavior report, written by the correction officer who searched his locker, a memorandum prepared by the correction sergeant who initially detected the odor and ordered the search and photographs taken of the confiscated material (*see Matter of Ramos v Bennett*, 276 AD2d 1008 [2000]). Petitioner conceded that the contraband material was his but asserted that he had hollowed out the apples and filled them with honey as part of a religious ritual that he practiced as a member of the Santerian faith. This testimony presented an issue of credibility for resolution by the Hearing Officer (*see Matter of Martinez v Leonardo*, 272 AD2d 736 [2000]). Given the circumstances presented here, it is worth noting that the alleged infringement upon an inmate's religious practices does not, by itself, excuse the violation of a prison disciplinary rule (*see Matter of Rashid v Ketchum*, 247 AD2d

670, 671 [1998]). The remaining issues raised by petitioner, including his assertion that the violation of various procedural rights denied him a fair hearing, have been examined and found to be without merit.

Mercure, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.