■ In the Matter of EDWARD KOEHL, Appellant, v DANIEL SENKOWSKI, as Superintendent of Clinton Correctional Facility, Respondent. [779 NYS2d 851]—

Mercure, J. Appeal from a judgment of the Supreme Court

(Feldstein, J.), entered September 5, 2002 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding him guilty of violating certain prison disciplinary rules.

Following a tier II hearing, petitioner was found guilty of violating prison disciplinary rules prohibiting the possession of property in an unauthorized area, giving a false statement and refusing a direct order. The charges stem from petitioner's possession of legal documents in the industry area of the prison in violation of a facility-wide memorandum. Petitioner commenced a CPLR article 78 proceeding challenging the determination, which Supreme Court dismissed. Petitioner now appeals, primarily asserting that the Hearing Officer improperly denied his request to call three witnesses. We disagree.

An inmate may call witnesses at a disciplinary hearing if their testimony would not be immaterial, redundant or jeopardize institutional safety (see 7 NYCRR 253.5 [a]; Matter of Miller v Goord, 2 AD3d 928, 929-930 [2003]; Matter of Dawes v Selsky, 286 AD2d 806, 808 [2001]). Here, petitioner requested that two of his supervisors be permitted to testify that they did not understand the memorandum prohibiting legal papers in the industry area. Inasmuch as the supervisors' understanding of the memorandum was irrelevant to the issue of whether petitioner violated the prohibition on possessing legal papers, the Hearing Officer properly excluded their testimony (see Matter of Jones v Goord, 274 AD2d 902, 903 [2000]; Matter of Daum v Goord, 274 AD2d 715, 716 [2000]). Similarly, the Hearing Officer did not err in refusing to allow a third civilian employee supervisor to testify that she told petitioner that he could bring his documents into the industry area to be notarized. Petitioner admitted that he possessed legal documents in a prohibited area, with full knowledge of the provisions of the memorandum. Given that " 'self-help by [an] inmate cannot be recognized as an acceptable remedy' for the purpose of redressing perceived wrongs" (Matter of Winbush v Ricks, 306 AD2d 601, 602 [2003], quoting Matter of Rivera v Smith, 63 NY2d 501, 515 [1984]), any testimony that petitioner sought permission to violate the dictates of the memorandum from a civilian employee without the authority to grant such permission would not support a defense to the charges and, thus, was also irrelevant.

We have considered petitioner's remaining contentions and find them to be unpreserved or lacking in merit.

Cardona, P.J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.