■ In the Matter of JAMES PETTUS, Appellant, v CALVIN WEST, as Superintendent of Elmira Correctional Facility, et al., Respondents. [813 NYS2d 563]—

Appeal from a judgment of the Supreme Court (O'Brien, III, J.), entered July 8, 2005 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Superintendent of Elmira Correctional Facility finding petitioner guilty of violating a prison disciplinary rule.

Petitioner was seen in the recreation yard in possession of numerous stamps. The stamps were confiscated and petitioner thereafter was charged in a misbehavior report with violating the prison disciplinary rule which prohibits possessing an authorized item in an unauthorized area. Petitioner was found guilty of the charge following a disciplinary hearing and the determination was affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

We reject petitioner's contention that he was improperly confined prior to the hearing. 7 NYCRR 251-1.6 (a) provides that confinement is warranted "[w]here an officer has reasonable grounds to believe that an inmate . . . represents an immediate threat to the safety, security or order of the facility." It has been held that this regulation can be interpreted as "authorizing keeplock whenever an officer reasonably believes that a facility rule has been violated by an inmate, thus establishing an 'immediate threat' to the 'order of the facility'" (*Matter of Bowe v Smith*, 119 Misc 2d 453, 455 [1983]; *see Lowrance v Achtyl*, 20 F3d 529 [1994]).

Furthermore, contrary to petitioner's contention, he was not entitled to employee assistance to aid in his defense, notwithstanding his keeplock status (*see* 7 NYCRR 251-4.1 [a]; *see also Matter of Vann v Costello*, 285 AD2d 924, 924-925 [2001]; *Matter of Webb v McGinnis*, 271 AD2d 767, 768 [2000]). Equally unpersuasive is petitioner's contention that he was improperly denied the right to call certain witnesses inasmuch as the record establishes that those particular witnesses would have offered redundant or irrelevant testimony (*see Matter of Koehl v Senkowski*, 9 AD3d 749, 750 [2004], *lv denied* 3 NY3d 612 [2004]; *Matter of Pulliam v Waite*, 8 AD3d 841, 841 [2004]). Petitioner's remaining contentions, including that he is entitled to the return of the confiscated stamps, have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.