*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 25, 2015                    520292
_____

In the Matter of RASHAD
    HUDYIH,
                    Appellant,

        v                                MEMORANDUM AND ORDER

JOSEPH T. SMITH, as
    Superintendent of
    Shawangunk Correctional
    Facility,
                    Respondent.
_____


Calendar Date:  May 5, 2015

Before:  Peters, P.J., Lahtinen, Garry and Egan Jr., JJ.

_____


        Sophia Heller, Prisoner's Legal Services of New York,
Albany, for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

_____


        Appeal from a judgment of the Supreme Court (Melkonian,
J.), entered April 14, 2014 in Ulster County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondent finding
petitioner guilty of violating a prison disciplinary rule.

        Petitioner, an inmate, was directed by a correction officer
to work as a utility porter on a Sunday afternoon.  He refused,
explaining that he did not work on weekends.  As a result, he was
charged in a misbehavior report with refusing a direct order.
Following a tier II disciplinary hearing, he was found guilty of
the charge and the determination was subsequently affirmed upon

administrative appeal. Petitioner commenced this CPLR article 78 proceeding challenging the determination and, following service of respondent's answer, Supreme Court dismissed the petition. Petitioner appeals.

During the course of the hearing, petitioner asserted that he should not be forced to work on a Sunday, as it violated his religious beliefs to do so. Petitioner made specific reference to a statutory provision that allows for employment of inmates on Sundays on a voluntary basis only (see Correction Law § 171). Although it is apparent that the clear language of the statute supports petitioner's position, it is also well established that, for the preservation of institutional safety and security, inmates are required to obey orders and cannot choose those which they will either obey or disregard (see Matter of Rivera v Smith, 63 NY2d 501, 515-516 [1984]; Matter of Crenshaw v Fischer, 87 AD3d 1246, 1247 [2011]). For this reason, we are constrained to agree that, even in the circumstances presented here, the proper means of challenging the legality of the order was through the prison grievance procedure (see Matter of Davis v Goord, 301 AD2d 1002, 1003 [2003], lv dismissed 100 NY2d 534 [2003]; Matter of Parrilla v Senkowski, 300 AD2d 870, 871 [2002], lv denied 99 NY2d 510 [2003]).[1] Accordingly, Supreme Court properly dismissed the petition.

Peters, P.J., Lahtinen, Garry and Egan Jr., JJ., concur.

[1] Petitioner did, in fact, file two grievances with respect to the same directive at issue in this case, but he settled one informally and failed to commence a proceeding challenging the determination denying the second.

ORDERED that the judgment is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court