*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 10, 2016                    522456
_____

In the Matter of KHA'SUN
    CREATOR ALLAH,
                        Petitioner,

        v                                      MEMORANDUM AND JUDGMENT

DONALD VENETTOZZI, as Director
    of Special Housing and
    Inmate Disciplinary
    Programs,
                        Respondent.
_____

Calendar Date:   September 20, 2016

Before:   Peters, P.J., Garry, Rose, Clark and Mulvey, JJ.

                        _____


        Kha'Sun Creator Allah, Elmira, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondent.


                        _____


        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with creating a disturbance, possession of contraband, interfering with an employee and refusing a direct order.  According to the misbehavior report, petitioner became defiant and hostile when ordered by a correction officer to surrender an unauthorized religious head covering that he was wearing.  Additional correction officers needed to be summoned, resulting in the movement of other inmates being stopped.  Following a tier III

disciplinary hearing, petitioner was found guilty as charged and, other than a modification of the penalty imposed, the determination was affirmed upon administrative appeal.  This CPLR article 78 proceeding ensued.

We confirm.  The misbehavior report and testimony at the hearing, including that of the correction facility's coordinating chaplain verifying that petitioner's religious head covering was not in compliance with the religious guidelines, provide substantial evidence to support the determination of guilt (see Matter of Rivera v Goord, 2 AD3d 922, 922 [2003]; Matter of Ali v Senkowski, 270 AD2d 542, 542-543 [2000], appeal dismissed 95 NY2d 886 [2000]).  To the extent that petitioner contends that the head covering was impermissibly confiscated, it is well settled that "inmates are not free to disobey the orders of correction personnel, even if the orders appear to be unauthorized or infringe upon the inmate's constitutional rights" (Matter of Ali v Senkowski, 270 AD2d at 542-543 [internal quotation marks and citations omitted]).  Further, we are unpersuaded by petitioner's contention that he was improperly denied the right to call the ministerial program coordinator.  The record reflects that such testimony would be redundant given the testimony from the facility's coordinating chaplain, who, pursuant to Department of Corrections and Community Supervision Directive No. 4202, is responsible for determining whether a religious head covering is legitimate and is being worn appropriately (see Matter of Hamilton v Prack, 95 AD3d 1512, 1513 [2012]; Matter of Thorpe v Fischer, 67 AD3d 1101, 1102 [2009]).

Peters, P.J., Garry, Rose, Clark and Mulvey, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court