Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
 

 Petitioner triggered the alarm of the facility Cellsense Scanning Device that detects the presence of metal. Although a strip search revealed no contraband, petitioner again triggered the alarm. Petitioner was then ordered to submit to an X ray to determine whether petitioner had any metal in his body. He refused to submit to the X ray, and he was charged in a misbehavior report with refusing a direct order and failing to comply with frisk and search procedures. Following a tier III disciplinary hearing, petitioner was found guilty as charged. The penalty imposed was subsequently modified and the modified determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
 

 We confirm. Contrary to petitioner’s contention, the misbehavior report and the testimony of the correction officer who authored the report provide substantial evidence supporting the determination of guilt. Although petitioner claims that having an X ray taken infringed upon his practice of the Rastafarian religion, the Rastafarian state chaplain testified that he was not aware of any exclusion of X rays. The testimony of the facility Rastafarian facilitator to the contrary presented a credibility issue for the Hearing Officer to resolve (see Matter of LaMountain v Fischer, 120 AD3d 1508, 1509 [2014]; Matter of Howard v Fischer, 117 AD3d 1253, 1254 [2014], lv denied 24 NY3d 903 [2014]). In any event, “inmates are not free to disobey the orders of correction personnel, even if such orders appear to be unauthorized or infringe upon the inmate’s constitutional rights” (Matter of Rashid v Ketchum, 247 AD2d 670, 671 [1998]; see Matter of Allah v Venettozzi, 144 AD3d 1291, 1292 [2016]), and an “alleged infringement upon an inmate’s religious practices does not, by itself, excuse the violation of a prison disciplinary rule” (Matter of Rivera v Goord, 2 AD3d 922, 922 [2003]).
 

 Turning to petitioner’s procedural contentions, we are unpersuaded that he was improperly denied the right to call a witness. “An inmate has a right to call witnesses at a disciplinary hearing so long as the testimony is not immaterial or redundant and poses no threat to institutional safety or correctional goals” (Matter of Lopez v Fischer, 100 AD3d 1069, 1070 [2012] [citations omitted]; accord Matter of Reyes v Keyser, 150 AD3d 1502, 1503 [2017]). Petitioner requested the testimony of Marcia Stewart, who he identified as the “Rasta [c]hap-lain in Albany,” to testify as to his religious basis for refusing an X ray. The record reflects that such testimony would be redundant, given the testimony of the Rastafarian state chaplain and the facility Rastafarian facilitator (see Matter of Osborne v Venettozzi, 141 AD3d 990, 991 [2016]; Matter of Cobb v Yelich, 118 AD3d 1235, 1236 [2014]). Further, there is nothing in the record to indicate that the Hearing Officer was biased against petitioner or that the determination flowed from any alleged bias (see Matter of Freeman v Annucci, 151 AD3d 1509, 1511 [2017]; Matter of Cruz v Annucci, 149 AD3d 1446, 1447 [2017]). Finally, petitioner’s claim that the hearing was not completed in a timely manner is unpreserved for our review in light of his failure to raise that objection at the hearing (see Matter of Dizak v Prack, 120 AD3d 1472, 1473 [2014], lv denied 24 NY3d 916 [2015]; Matter of Creamer v Venettozzi, 117 AD3d 1254, 1255 [2014]).
 

 Peters, P.J., McCarthy, Garry, Devine and Clark, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs, and petition dismissed.