Matter of Hutchinson v Miller (2018 NY Slip Op 07519)





Matter of Hutchinson v Miller


2018 NY Slip Op 07519


Decided on November 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 8, 2018


[*1]In the Matter of EDDIE HUTCHINSON, Appellant,
v
CHRISTOPHER MILLER, as Superintendent of Great Meadow Correctional Facility, Respondent.

Calendar Date: September 18, 2018

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ.


Eddie Hutchinson, Comstock, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (McKeighan, J.), entered January 23, 2018 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with refusing a direct order and violating movement regulations after he refused direct orders to lock out of his cell to attend a mandatory intermediate care program. Following a tier II disciplinary hearing, petitioner was found guilty as charged. The determination was upheld on administrative appeal, and petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, and petitioner appeals.[FN1]
The misbehavior report and testimony of petitioner admitting that he had refused to leave his cell because he no longer needed the program and that he had applied to be removed from it provided substantial evidence to support the determination of guilt (see Matter of Ballard v Annucci, 162 AD3d 1375, 1375 [2018]; Matter of Washington v Annucci, 160 AD3d 1313, 1313 [2018]). Neither the fact that petitioner reportedly had an application pending to be removed from the program nor his belief that he no longer needed the program absolved him of the responsibility to obey direct orders "promptly and without argument" (7 NYCRR 270.2 [B] [7] [i]) and to abide by movement regulations (see Matter of Rivera v Smith, 63 NY2d 501, 515-[*2]516 [1984]; Matter of Hudyih v Smith, 129 AD3d 1435, 1435 [2015], lv denied 26 NY3d 909 [2015]). To that end, "the proper means of challenging the legality of [an] order [is] through the prison grievance procedure" (Matter of Hudyih v Smith, 129 AD3d at 1436; see 7 NYCRR § 701.1 et seq.), which the record does not reveal that he pursued, and the issue is not before us. As petitioner's procedural claims were not raised at the hearing, they are unpreserved and may not be considered (see Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]; Matter of LaGrave v Venettozzi, 157 AD3d 1184, 1185 [2018]). Petitioner's remaining claims, to the extent that they are preserved, have been reviewed and found to lack merit.
Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: "Although the petition raises a question of substantial evidence and the matter should have been transferred to this Court in the first instance, we will consider the issues de novo and render judgment accordingly" (Matter of Ortiz v Annucci, 163 AD3d 1383, 1384 n [2018] [internal quotation marks and citation omitted]).