Matter of Govia v New York State Dept. of Corr. & Community Supervision (2019 NY Slip Op 02764)





Matter of Govia v New York State Dept. of Corr. & Community Supervision


2019 NY Slip Op 02764


Decided on April 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 11, 2019

526948

[*1]In the Matter of KAREEM GOVIA, Petitioner,
v
NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, Respondent.

Calendar Date: March 15, 2019

Before: Garry, P.J., Lynch, Mulvey, Devine and Rumsey, JJ.


Kareem Govia, Napanoch, petitioner pro se.
Letitia James, Attorney General, Albany (William E. Storrs of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of the Superintendent of Eastern N.Y. Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with refusing a direct order, being out of place and violating movement procedures. The misbehavior report detailed that petitioner failed to report as required to his assigned vocational program prior to attending his religious call out. When petitioner was located in the facility mosque, the imam directed petitioner to go to the armory desk officer who, in turn, directed petitioner to report to the vocational gate with the 2:00 p.m. bus run. Petitioner failed to report to the vocational gate on that bus run or the 2:30 p.m. bus run, and was located in the commissary around 3:00 p.m. Following a tier II disciplinary hearing, petitioner was found guilty of being out of place and violating movement procedures, and the determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and testimony of petitioner provide substantial evidence to support the determination of guilt (see Matter of Lebron v Artus, 35 AD3d 1108, 1109 [2006], lv denied 8 NY3d 810 [2007]). Petitioner admitted that he went to call out without first reporting to his vocational program and that he thereafter went to the commissary without authorization instead of reporting to the vocational gate. Petitioner claimed that he was unaware of the policy requiring him to report to his vocational program before proceeding to call out, but his purported ignorance did not absolve him of guilt and, at most, created a credibility issue for the Hearing Officer to resolve (see Matter of Lewis v Annucci, 156 AD3d 1015, 1016 [2017]; Matter of Pertillar v Fischer, 64 AD3d 1029, 1030 [2009]). Moreover, the Hearing Officer was entitled to rely on statements by the author of the misbehavior report that this was the facility policy, and petitioner did not request that the author be called to testify about this policy (see [*2]Matter of Rivera v Annucci, 160 AD3d 1273, 1273 [2018]). Petitioner's claim that his identification went missing at the armory desk, apparently preventing him from reporting to the vocational gate, even if credited, did not excuse his conduct in going to the commissary, where he was also out of place and in violation of movement procedures.
With regard to petitioner's argument that the charges violated his right to practice his religion, "an alleged infringement upon an inmate's religious practices does not, by itself, excuse the violation of a prison disciplinary rule" (Matter of Watson v Gardner, 156 AD3d 1050, 1051 [2017] [internal quotation marks and citation omitted]; see Matter of Rivera v Goord, 2 AD3d 922, 922-923 [2003]; Matter of Rashid v Ketchum, 247 AD2d 670, 671 [1998]). More to the point, the proper vehicle for challenging, on constitutional grounds, the substance or application of a written or unwritten policy of respondent is the inmate grievance procedure (see 7 NYCRR 701.2 [a]; Matter of Chandler v Annucci, 121 AD3d 1142, 1143 [2014], lv denied 25 NY3d 901 [2015]; Matter of Walker v Senkowski, 294 AD2d 635, 635 [2002], lv denied 98 NY2d 612 [2002]; Matter of Ali v Senkowski, 270 AD2d 542, 543 [2000], appeal dismissed 95 NY2d 886 [2000]). Petitioner's remaining claims, to the extent that they are preserved for our review, also lack merit.
Garry, P.J., Lynch, Mulvey, Devine and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.