Matter of Wilson v Annucci (2022 NY Slip Op 03155)





Matter of Wilson v Annucci


2022 NY Slip Op 03155


Decided on May 12, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 12, 2022

532243
[*1]In the Matter of Labriel Wilson, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:April 15, 2022

Before:Garry, P.J., Aarons, Pritzker, Ceresia and McShan, JJ.

Labriel Wilson, Otisville, appellant pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Corcoran, J.), entered September 9, 2020 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
Petitioner was charged in a misbehavior report with refusing direct orders, refusing double celling and a movement violation. The charges stem from an incident that occurred at petitioner's housing location, when he refused multiple orders from a facility sergeant to leave his cell and move to a double cell, requiring that a lieutenant be called, and petitioner then refused his initial orders to move to a double cell. Petitioner ultimately complied. At the tier III disciplinary hearing, petitioner did not deny refusing the orders but claimed that he could not be disciplined for his initial refusal on the ground that the governing regulation did not permit him to be placed in a double cell (see 7 NYCRR 1701.7). Petitioner was found guilty of the charges and a penalty was imposed. Upon administrative appeal, the determination was affirmed.
This CPLR article 78 proceeding ensued. Petitioner admitted that he had refused to move to a double cell but challenged the application of the double-cell regulation to him. Respondent thereafter moved to dismiss the petition in lieu of an answer, based upon petitioner's failure to exhaust administrative remedies and failure to state a cause of action. Supreme Court dismissed the petition, finding, among other things, that petitioner had failed to exhaust administrative remedies. Petitioner appeals.
We affirm. Petitioner's sole argument in this proceeding is that the regulation governing double-cell housing (see 7 NYCRR 1701.7), as applied to him, did not permit respondent to move him to a double cell because he had volunteered to double cell in 2015, and had remained in a double cell for nine months. However, incarcerated individuals are required to obey direct orders "promptly and without argument" (7 NYCRR 270.2 [B] [7] [i]) and "to abide by movement regulations" (Matter of Hutchinson v Miller, 166 AD3d 1199, 1200 [2018], lv denied 33 NY3d 907 [2019]; see 7 NYCRR 270.2 [B] [1] [iii]; Matter of Rivera v Smith, 63 NY2d 501, 515-516 [1984]), including directives to accept a double cell (see 7 NYCRR 270.2 [B] [10] [vi]). The proper means for an incarcerated individual to challenge the legality of an order by correction officials, or the application and interpretation of a regulation, is through the prison grievance procedure (see Correction Law § 139; 7 NYCRR part 700; Matter of Hudyih v Smith, 129 AD3d 1435, 1436 [2015], lv denied 26 NY3d 909 [2015]). Given that petitioner's challenge to the order to move to a double cell is in fact a challenge to the "application of a[] written . . . regulation . . . or rule of the Department of Corrections and Community Supervision" (7 NYCRR 701.2 [a]), he was required to file a grievance challenging the application of that rule and to follow the grievance [*2]procedures (see 7 NYCRR 701.3 [e] [3]; 701.5; see also Correction Law § 139; Matter of Beaubrun v Annucci, 144 AD3d 1309, 1310 [2016]). Petitioner was not entitled to disobey orders by correction officers and use a prison disciplinary proceeding to challenge the application of the regulation to him; instead, that assertion should have been raised in a grievance. Although petitioner believed he was justified in refusing to double cell, he was "required to obey [the] direct order[s] given by the correction officer[s], even if [he] disagree[d] with the order[s] or believe[d] [them] to be unauthorized" (Matter of Anselmo v Annucci, 173 AD3d 1589, 1589 [2019]; see Matter of Hutchinson v Miller, 166 AD3d at 1200).
Respondent submitted uncontradicted proof on the motion to dismiss that petitioner had not filed a grievance regarding the application of the double cell regulations to him, and, therefore, he has not pursued the proper course or exhausted administrative remedies before seeking judicial review (see Matter of Sockwell v LaClair, 170 AD3d 1416, 1417 [2019]; Matter of Golston v Director of Div. of Nutritional Servs., 168 AD3d 1299, 1300-1301 [2019]; Matter of Green v Kirkpatrick, 167 AD3d 1138, 1139 [2018], lv denied 32 NY3d 919 [2019]). Accordingly, Supreme Court correctly granted respondent's motion to dismiss the petition (see CPLR 3211 [a]; 7804 [f]).
Garry, P.J., Aarons, Pritzker, Ceresia and McShan, JJ., concur.
ORDERED that the judgment is affirmed, without costs.