■ In the Matter of VICTOR ZARVELA, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of

Correctional Services, Respondent. [704 NYS2d 680] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was found guilty of violating prison disciplinary rules prohibiting violent conduct and refusing a direct order. Petitioner also pleaded guilty to possession of a controlled substance. The record reveals that two correction officers observed petitioner place an unknown object in his mouth and attempt to swallow it. Petitioner was ordered to spit out the object and, when one of the correction officers grabbed petitioner and attempted to stop him from swallowing it, petitioner struck the correction officer. Subsequently, the correction officers searched petitioner's cell and found a packet of heroin.

The misbehavior report, together with testimony of the correction officer who authored the report and testimony of the other correction officer who witnessed the incident, constitutes substantial evidence to support the determination of petitioner's guilt (*see*, *Matter of Green v Selsky*, 264 AD2d 908). To the extent that petitioner pleaded guilty to the possession of a controlled substance charge, he is precluded from asserting that the determination as to that charge is not supported by substantial evidence (*see*, *Matter of Grant v Goord*, 247 AD2d 662). Furthermore, any alleged inconsistencies between the testimony offered by petitioner and the testimony of the correction officers merely presented a credibility issue for the Hearing Officer to resolve (*see*, *Matter of Rucano v Goord*, 264 AD2d 888). To the extent that petitioner's remaining contentions have been preserved for our review, we find them to be without merit.

Cardona, P. J., Crew III, Peters, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.