■ In the Matter of GUILLAUME M. NIJMAN, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [744 NYS2d 51] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule that prohibits inmates from possessing a weapon. As set forth in the misbehavior report, a frisk of petitioner's cell resulted in the reporting correction officer's discovery of a sharpened piece of metal wrapped in white paper and secreted in the binding of a Bible. Included in the evidence presented at petitioner's disciplinary hearing were the detailed misbehavior report and a photograph of the weapon. Petitioner admitted in his testimony that the weapon had been hidden in his cell, but asserted that it had been planted there by correction officers in retaliation for grievances that he had filed against them. Upon review of the record, we conclude that substantial evidence supports the determination of petitioner's guilt (*see, Matter of Thompson v Selsky*, 289 AD2d 809; *Matter of Vidal v Goord*, 289 AD2d 759, *lv denied* 97 NY2d 612).

Petitioner's contention that the weapon was "planted" in his cell by correction officers presented an issue of credibility for resolution by the Hearing Officer (*see, Matter of Steward v Selsky*, 266 AD2d 605, 606; *Matter of Joyce v Coughlin*, 219 AD2d 777, 778). The claim that petitioner's rights were violated by the denial of his request to present witnesses is belied by the hearing transcript which shows that petitioner was permitted to present the exculpatory testimony of an inmate witness who

purported to have firsthand knowledge of the ill will between petitioner and certain correction officers. Petitioner's request to call as witnesses respondent Commissioner of Correctional Services, the Attorney General and a priest was properly denied on the ground that their testimony would have been irrelevant and immaterial in view of their lack of direct knowledge of the facts giving rise to this proceeding (see, Matter of Blanche v Selsky, 253 AD2d 944, 945, lv denied 92 NY2d 817; Matter of Purdy v Senkowski, 242 AD2d 804, 805). The remaining contentions raised herein have been examined and found to be either unpreserved for review or without merit.

Cardona, P.J., Peters, Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.