◼ In the Matter of GREGORY CENDALES, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [758 NYS2d 548] —Appeal from a judgment of the Supreme Court (Bradley, J.), entered June 7, 2002 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting assault on a staff member, refusing to obey a direct order and interfering with facility employees. In addition, petitioner pleaded guilty with an explanation to damaging state property and arson. The charges stem from petitioner setting fire to his mattress and using it to barricade his cell door, after a correction officer declined to deliver his lunch. Correction officers who attempted to remove petitioner from his cell and put out the fire were met with violent resistance. Following the administrative determination of his guilt, petitioner commenced this CPLR article 78 proceeding, which was ultimately dismissed by Supreme Court.

Initially, we note that inasmuch as petitioner pleaded guilty to damaging state property and arson, he is precluded from asserting that the determination is not supported by substantial evidence (*see Matter of Zarvela v Goord*, 270 AD2d 532 [2000], *lv denied* 95 NY2d 758 [2000]). Additionally, petitioner contends that he was denied the right to call witnesses at his hearing, a contention that is belied by the record, which shows that several witnesses testified on petitioner's behalf with the only omitted witness being a correction officer whose testimony was properly deemed irrelevant to the issue of petitioner's guilt (*see Matter of Jones v Goord*, 274 AD2d 902, 903 [2000]). Petitioner further asserts that he was the victim of hearing officer bias, a claim that is rejected based on his failure to demonstrate that the hearing was conducted in other than a fair and impartial manner (*see Matter of Lawrence v Headley*, 257

AD2d 837, 838 [1999]). That the Hearing Officer found the evidence presented against petitioner to be more credible than that presented in his favor is not indicative of bias (*see Matter of Spencer v Goord*, 245 AD2d 827, 828 [1997], *lv denied* 91 NY2d 811 [1998]). The remaining issues raised on this appeal have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.