In the Matter of Injah E. Tafari, Petitioner, v Michael McGinnis, as Superintendent of Southport Correctional Facility, Respondent. [763 NYS2d 342] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier II disciplinary hearing, petitioner was found guilty of violating the prison disciplinary rules prohibiting refusal to obey a direct order, violation of movement regulations and failure to comply with search procedures. According to the misbehavior report, petitioner repeatedly refused to vacate his cell to facilitate a cell search, stating that he would

not leave until a supervisor was present. When a sergeant arrived, petitioner complied with the order and left his cell. Evidence presented at the disciplinary hearing included the misbehavior report, cosigned by two of the officers who were witnesses to the incident, and petitioner's testimony wherein he admitted that he had refused to leave his cell but explained that his reluctance had been caused by the fear that the officers were going to assault him. Additional testimony was given in camera by two inmate witnesses called by petitioner. This was sufficient to constitute substantial evidence supporting the determination of petitioner's guilt (*see Matter of Cepeda v Goord*, 305 AD2d 914, 914 [2003]; *Matter of Blazic v Walsh*, 300 AD2d 708 [2002]). The fact that petitioner obeyed the order to leave his cell once his demand for the presence of a supervisor was met renders him no less guilty of refusing to obey a direct order. Inmates are not free to choose which orders they will obey or to dictate the terms thereof (*see Matter of Rivera v Smith*, 63 NY2d 501, 515 [1984]; *see also Matter of Farid v Coombe*, 236 AD2d 660 [1997]). Petitioner's assertions of procedural violations have been reviewed and found to be without merit.

Cardona, P.J., Peters, Spain, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.