■ In the Matter of JERALD MILLER, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [767 NYS2d 704]—

Peters, J. Appeal from a judgment of the Supreme Court (O'Shea, J.), entered February 5, 2003 in Chemung County, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review three determinations of the Superintendent of Southport Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.

The first incident underlying these prison disciplinary proceedings occurred on January 2, 2002 when petitioner refused to follow direct orders to return a library log acknowledging his receipt of certain law books, thus delaying the correction officer's rounds. When the same behavior occurred on the following day with the same correction officer, another misbehavior report was issued. The third incident, on February 15, 2002, concerned petitioner's refusal to exit his cell for a random cell search after being twice ordered to do so by a correction officer.

Three separate tier II disciplinary hearings were held before the same Hearing Officer. For the first two incidents, petitioner was charged with refusing a direct order and interference with an employee. For the third incident, petitioner was charged with refusing a direct order and failing to comply with frisk and search procedures. Petitioner made an unsuccessful written request for employee assistance and sought the production of various documents and the testimony of several witnesses; most of these requests were denied. Moreover, when petitioner continued to raise points on which the Hearing Officer had already ruled, petitioner was removed from each hearing. Petitioner was found guilty of each charge. After these determinations were affirmed on administrative appeal, this CPLR article 78 proceeding was commenced. Upon Supreme Court's dismissal of the petition, this appeal ensued.

Pursuant to 7 NYCRR 251-4.1, it is within the discretion of the Hearing Officer to grant a request for employee assistance (see 7 NYCRR 251-4.1 [b]). Here, it was properly denied since there were no allegations that petitioner is illiterate, non-English speaking, sensorially disabled, charged with drug use or confined pending a superintendent's hearing (see 7 NYCRR 251-4.1 [a]). Moreover, upon review, petitioner failed to demonstrate that he suffered prejudice as a result (see Matter of Cliff v De Celle, 260 AD2d 812, 814 [1999], lv denied 93 NY2d 814 [1999]).

As to petitioner's request for various witnesses, they may be called "provided their testimony is material, is not redundant,

and doing so does not jeopardize institutional safety or correctional goals" (7 NYCRR 253.5 [a]). While testimony has been found relevant when it could prove "a possible justification defense to the charged violation" (*Matter of Coleman v Coombe*, 65 NY2d 777, 780 [1985]) or mitigate the penalty (*see id.* at 780; *Matter of Anderson v Morrow*, 268 AD2d 638, 639 [2000]), where, as here, their exclusion was based upon "their lack of direct knowledge of the facts giving rise to [that] proceeding" (*Matter of Nijman v Goord*, 294 AD2d 737, 738 [2002]), the determination was proper (*see Matter of Joyce v Goord*, 246 AD2d 926, 928 [1998]; *Matter of Barreto v Goord*, 244 AD2d 610, 611 [1997]). The record reflects that petitioner was given an opportunity to explain the relevance of the proposed witnesses' testimony and their knowledge of facts underlying the incidents at issue. Although petitioner provided many reasons to support his requests, we find them properly rejected as either irrelevant or redundant (*see Matter of Mabry v Coughlin*, 196 AD2d 931, 931 [1993], *lv denied* 82 NY2d 664 [1994]), including his explanation for his refusal to comply with the orders to return the library log. "[S]elf-help by the inmate cannot be recognized as an acceptable remedy . . . 'Any holding to the contrary would simply encourage inmates to break rules as a means of addressing their grievances and invite chaos' " (*Matter of Rivera v Smith*, 63 NY2d 501, 515-516 [1984], quoting *Matter of Shahid v Coughlin*, 83 AD2d 8, 12 [1981], *affd on op below* 56 NY2d 987 [1982]; *see Matter of Tafari v McGinnis*, 307 AD2d 502, 503 [2003]; *Matter of Hodge v Goord*, 280 AD2d 767, 767 [2001]). Nor do we find error in the denial of requested documents since they were irrelevant to the issue of whether petitioner refused direct orders (*see Matter of Dumpson v Mann*, 225 AD2d 809, 811 [1996], *lv denied* 88 NY2d 805 [1996]). An inmate's belief of improper treatment does not justify a violation (*see Matter of Tafari v McGinnis, supra* at 503; *Matter of Hodge v Goord, supra* at 767).

We also reject petitioner's contentions that the Hearing Officer was biased, had predetermined his guilt, and lied about the nonexistence of certain evidence; petitioner simply failed to sustain his burden of proof on these issues (*see Matter of Johnson v Goord*, 297 AD2d 881, 883 [2002]; *Matter of Nicholas v Schriver*, 259 AD2d 863, 863 [1999]). The comments highlighted by petitioner merely reflect the Hearing Officer's frustration with his continued uncooperativeness (*see Matter of Joyce v Goord, supra* at 927; *see also Matter of Barnhill v Coombe*, 239 AD2d 719, 721 [1997]).

Finally, while we recognize that an inmate has a right to be

present at a disciplinary hearing unless safety or correctional goals require his exclusion (*see* 7 NYCRR 254.6 [b]), the removal here was proper since petitioner was warned on numerous occasions that if he continued with the objectionable conduct, this result would occur (*see Matter of Thomas v Bennett*, 271 AD2d 768, 769 [2000]). Having reviewed and rejected petitioner's remaining contentions, including the denial of his motion to amend his petition (*see Aiello v Manufacturer's Life Ins. Co. of N.Y.*, 298 AD2d 662, 662 [2002], *lv denied, lv dismissed* 99 NY2d 575 [2003]), we affirm.

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.