■ In the Matter of RODOLFO TAYLOR, Petitioner, v LIEUTENANT KATZ, as Hearing Officer at Woodbourne Correctional Facility, Respondent. [790 NYS2d 578]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of the Superintendent of Woodbourne Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with smuggling, theft of state property, possession of stolen property and leaving an assigned area after he attempted to leave the mess hall with a bag containing raw fish. He was found guilty of these charges following a tier II disciplinary hearing and the determination was affirmed on administrative appeal. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging this determination, as well as a prior disciplinary determination finding him guilty of other rule violations. Due to the Attorney General's inadvertent failure to respond to that portion of the petition challenging the determination at issue, this Court remitted the matter to permit service of an amended answer (6 AD3d 836 [2004]). As such an answer has since been served, the matter is now again before this Court.

Initially, the Attorney General concedes that substantial evidence does not support the charges of theft of state property or possession of stolen property and, therefore, has agreed to have these charges expunged from petitioner's institutional record. However, remittal for a redetermination of the penalty is not necessary as petitioner has already served the penalty (30 days' keeplock, loss of recreation, packages, commissary, telephone and special event) and no loss of good time was imposed (*compare Matter of Williams v Goord*, 301 AD2d 983 [2003]). In view of this, we confine our inquiry to the remaining charges. The misbehavior report, together with the testimony of the correction officer who confronted petitioner as well as the facility cook, provide substantial evidence supporting the charges of smuggling and leaving an assigned area (*see Matter of Spulka v Goord*, 12 AD3d 1004, 1005 [2004]; *Matter of Herrera-Martinez v Selsky*, 294 AD2d 633, 634 [2002]). Petitioner's testimony that the correction officer's version of the event was fabricated presented a question of credibility for the Hearing Officer to resolve (*see Matter of Allen v Goord*, 3 AD3d 633, 633 [2004]). Petitioner's claim of hearing officer bias is likewise without merit.

Cardona, P.J., Peters, Spain, Rose and Kane, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of theft of state property and possession of stolen property; petition granted to that extent and the Superintendent of Woodbourne Correctional Facility is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.