In the Matter of MOHAMED ABBAS, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [802 NYS2d 798]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of the Commissioner of Correctional Services and two determinations of respondent Superintendent of Southport Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding challenging four separate prison disciplinary determinations, two rendered after tier II hearings and two rendered after tier III hearings. The first determination was rendered on February 26, 2004 following a tier III hearing which petitioner refused to attend and found him guilty of making threats after he told a correction officer that he would kill him upon his release from prison. The second determination was rendered on March 1, 2004 after a tier III hearing which petitioner also refused to attend and found him guilty of making threats as the result of a menacing letter he sent to respondent Superintendent of Southport Correctional Facility. The third determination was rendered on April 7, 2004 after a tier II hearing and found him guilty of refusing a direct order. The fourth determination was rendered on April 15, 2004 after a tier II hearing and found petitioner guilty of refusing a direct order, harassment and interfering with an employee following his refusal to comply with a correction officer's directive and his use of verbally abusive and profane language.

Although all of the determinations were initially upheld on administrative appeal, the April 7, 2004 determination was reversed during the pendency of this proceeding and all references thereto were expunged from petitioner's institutional record. Accordingly, petitioner's challenge to that determination is dismissed as moot (see Matter of Johnson v Goord, 308 AD2d 621, 622 [2003])* and we confine our review to the remaining determinations.

---

* Inasmuch as no loss of good time was imposed in connection with the April 7, 2004 determination and petitioner has already served the penalty,

Initially, we find no merit to petitioner's claim that he was denied his due process right to attend the hearings that culminated in the first and second determinations. The transcript of both hearings reveals that the Hearing Officer questioned correction officers regarding petitioner's absences and was informed that he refused to attend the hearings or sign written waivers although he was advised of the consequences of doing so. Under these circumstances, the Hearing Officer was warranted in conducting the hearings in petitioner's absence (*see Matter of Rossi v Portuondo*, 275 AD2d 823, 824 [2000], *lv denied* 96 NY2d 703 [2001]). In addition, the record of each proceeding discloses that the first, second and fourth determinations were supported by substantial evidence in the form of detailed misbehavior reports and/or the testimony of correction officers (*see Matter of Quezada v Goord*, 19 AD3d 910, 911 [2005]; *Matter of Patterson v Selsky*, 3 AD3d 814, 815 [2004]). The rejection of petitioner's claim of retaliation based on his ethnic and religious background presented a credibility issue for the Hearing Officer to resolve (*see Matter of Brown v Goord*, 19 AD3d 833, 834 [2005]). His remaining contentions have either not been preserved for our review or are lacking in merit.

Cardona, P.J., Mercure, Crew III, Peters and Carpinello, JJ., concur. Adjudged that the February 26, 2004, March 1, 2004 and April 15, 2004 determinations are confirmed, without costs, and petition dismissed to that extent. Adjudged that the part of the petition challenging the April 7, 2004 determination is dismissed, as moot, without costs.

remittal for a redetermination of the penalty is unnecessary (*see Matter of Taylor v Katz*, 16 AD3d 741, 741 [2005]).