■■ In the Matter of PHIL JIMINEZ, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [815 NYS2d 342]—

■■■■■■■■■■■■■■■■■■■■■■■■■■

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

During a search of petitioner's cell, various items were recovered including two journals from the law library, sheets of paper with inmate names, commissary items and dollar amounts and an inmate change sheet. As a result, petitioner was charged in a misbehavior report with possessing authorized items in an unauthorized area, stealing state property, possessing gambling paraphernalia and receiving compensation for legal work. At the subsequent tier III disciplinary hearing, petitioner pleaded guilty, with explanation, to possessing authorized items in an unauthorized area and was found guilty of the remaining charges except for the charge of possessing gambling paraphernalia. The determination was upheld on administrative appeal, resulting in this CPLR article 78 proceeding.

Initially, inasmuch as petitioner pleaded guilty to possessing authorized items in an unauthorized area, he is precluded from challenging the sufficiency of the evidence underlying this charge (*see Matter of Cannon v Artus*, 18 AD3d 993, 994 [2005]). The misbehavior report, documentary evidence and testimony

presented at the hearing establish that petitioner impermissibly possessed state property in his cell and constitute substantial evidence supporting the determination finding him guilty of stealing (*see Matter of O'Connor v Selsky*, 24 AD3d 841 [2005]). On the other hand, the Attorney General concedes and we agree that the evidence presented does not support the determination finding petitioner guilty of receiving compensation for legal work, as the author of the misbehavior report stated that he was unsure whether the list of inmate names and items was for gambling or payment for legal services. Consequently, that part of the determination must be annulled and all references thereto expunged from petitioner's institutional record.* Finally, we find no merit to petitioner's assertion that he was denied the right to present witnesses, as the record indicates that their testimony would have been redundant to other testimony presented (*see Matter of Seymour v Goord*, 24 AD3d 831, 832 [2005], *lv denied* 6 NY3d 711 [2006]).

Cardona, P.J., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of receiving compensation for legal work; petition granted to that extent and the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.

---

* Remittal for a redetermination of the penalty is unnecessary as no loss of good time was imposed and petitioner has already served the penalty (*see Matter of Taylor v Katz*, 16 AD3d 741, 741 [2005]).