■ In the Matter of WILLIAM CRENSHAW, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [931 NYS2d 416]—

Petitioner was charged in a misbehavior report with disobeying a direct order after he refused to report to a sergeant's of-

---

fice as directed by a correction officer. Following a tier III disciplinary hearing, petitioner was found guilty of the charge. After the determination was upheld on administrative appeal, this CPLR article 78 proceeding ensued.

We confirm. The detailed misbehavior report, along with the testimony of the sergeant who had requested petitioner's presence for an interview concerning a grievance investigation, provide substantial evidence to support the determination of guilt (*see Matter of Lovett v Smith*, 80 AD3d 1039, 1040 [2011]). Although petitioner maintains that it was improper for the sergeant to summon him because he had earlier made known his wish not to participate in the investigation, "[i]nmates are not free to choose which orders they will obey or to dictate the terms thereof" (*Matter of Tafari v McGinnis*, 307 AD2d 502, 503 [2003]). Under these circumstances, we find no basis to disturb the determination of guilt (*see Matter of Miller v Goord*, 2 AD3d 928, 930 [2003]). To the extent that petitioner also claims that the Hearing Officer was biased against him, such contention is unpreserved for our review, as petitioner failed to raise that issue in his administrative appeal (*see Matter of Boyd v Fischer*, 74 AD3d 1679, 1680 [2010]).

Finally, petitioner's remaining arguments, including his assertion that the determination should be annulled because the misbehavior report was served against him in retaliation for him filing a grievance, have been examined and found to be unpersuasive.

Mercure, J.P., Spain, Lahtinen, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.