In the Matter of EDWIN BURGOS, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [934 NYS2d 873]—

We confirm. The detailed misbehavior report, supporting documentation and hearing testimony, including the testimony of the counselor who authored the misbehavior report and petitioner's own admissions, provide substantial evidence to support the determination of guilt (*see Matter of Barnes v Bezio*, 86 AD3d 884, 884 [2011]; *Matter of Cognata v Fischer*, 85 AD3d 1456, 1457 [2011]). Petitioner's denial of the actions alleged and his theory that the misbehavior report was issued in retaliation for his having lodged a complaint against the counselor presented credibility issues to be resolved by the Hearing Officer (*see Matter of Quezada v Fischer*, 85 AD3d 1462 [2011]; *Matter of Cody v Fischer*, 84 AD3d 1651, 1651 [2011]). We note that, even if the events were precipitated by the counselor's abusive behavior as petitioner alleges, he was not entitled to engage in self-help measures (*see Matter of Kalwasinski v Bezio*, 79 AD3d 1568, 1569 [2010]; *Matter of Miller v Goord*, 2 AD3d 928, 930 [2003]).

Turning to petitioner's procedural contentions, we do not find the minor gaps in the hearing transcript to be so substantial as to prevent meaningful judicial review (*see Matter of Smith v Martuscello*, 85 AD3d 1516, 1516 [2011], *lv denied* 17 NY3d 715 [2011]; *Matter of Montgomery v Fischer*, 84 AD3d 1666, 1667 [2011]). Finally, the record reveals that the determination of guilt resulted from the evidence presented at the hearing, rather than any alleged hearing officer bias (*see Matter of Faublas v Rock*, 85 AD3d 1519, 1520 [2011]).

The remainder of petitioner's contentions have been examined and found to be either unpreserved or without merit.

Spain, J.P., Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.