■ In the Matter of CHRIS JAMES, Petitioner, v NORMAN BEZIO, as Superintendent of Great Meadow Correctional Facility, Respondent. [942 NYS2d 685]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in three separate misbehavior reports—authored by three different correction officers—with possession of a weapon, two counts of smuggling, possession of excessive quantities of medicine, possession of contraband and possession of gang-related material. According to the first report, on November 16, 2011, two altered metal can tops fashioned into weapons were discovered after petitioner stumbled while walking through a metal detector. As a result, strip and cell frisks were ordered, resulting in the discovery of the unauthorized items set forth in the second and third misbehavior reports. Following a combined tier III disciplinary hearing, petitioner was found guilty of all charges. The determination was affirmed on administrative appeal and petitioner thereafter commenced this CPLR article 78 proceeding.

We confirm. The misbehavior reports, supporting evidence and testimony of the correction officers who authored the reports provide substantial evidence supporting the determination of guilt (*see Matter of Barnes v Prack*, 87 AD3d 1216, 1216 [2011]; *Matter of Machicote v Bezio*, 87 AD3d 763, 763 [2011]). Petitioner's denials presented a credibility issue for the Hearing

Officer to resolve (*see Matter of Burgos v Fischer*, 90 AD3d 1403, 1404 [2011]).

As for petitioner's procedural claims, we are similarly unpersuaded. The extensions obtained by the Hearing Officer, two of which were necessary for petitioner to receive assistance, were valid and, in any event, petitioner has shown no prejudice as a result (*see Matter of Boggs v Martuscello*, 84 AD3d 1625, 1626 [2011]). Additionally, inasmuch as one of the inmates called as a witness by petitioner was questioned by the Hearing Officer regarding his refusal to testify, petitioner was not denied his right to have witnesses testify on his behalf (*see generally Matter of Hill v Selsky*, 19 AD3d 64, 66 [2005]). Contrary to petitioner's contention, the record confirms that the adverse determination flowed from the proof presented at the hearing, rather than any alleged bias on the part of the Hearing Officer (*see Matter of Gomez v Fischer*, 89 AD3d 1341, 1342 [2011]).

Petitioner's remaining contentions have been examined and found to be without merit.

Peters, P.J., Mercure, Spain, Malone Jr. and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.