■ In the Matter of DARRELL McKINNEY, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [942 NYS2d 696]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rule prohibiting inmates from possessing, among other things, Uniform Commercial Code or "Redemptive Process" materials* after a document he submitted for typing was confiscated as a suspected redemptive document.

---

* According to respondent, the "Redemptive Process" refers to a scheme by certain inmates involving, among other things, the use of Uniform Commercial Code forms to file baseless liens in order to harass government employees and officials.

Following a tier III disciplinary hearing, he was found guilty of the charge. The determination was upheld on administrative appeal, prompting the commencement of this CPLR article 78 proceeding.

We confirm. The detailed misbehavior report, together with the hearing testimony and documentary evidence, provide substantial evidence supporting the determination of guilt (*see Matter of Mullady v Bezio*, 87 AD3d 765, 766 [2011]; *Matter of Bunting v Fischer*, 85 AD3d 1473, 1474 [2011], *lv denied* 17 NY3d 712 [2011]). To the extent that petitioner argues that the confiscated document does not fit within the scope of the applicable rule (*see* 7 NYCRR 270.2 [B] [14] [xx]), a Senior Attorney with the Department of Corrections and Community Supervision testified that the document violated the rule (*see Matter of Bunting v Fischer*, 85 AD3d at 1474), thereby creating a credibility issue for the Hearing Officer to resolve (*see Matter of Pettus v New York State Dept. of Correctional Servs.*, 73 AD3d 1411, 1411 [2010]).

Petitioner's various procedural arguments have been examined and found to be without merit. We find no error in the Hearing Officer's removal of petitioner from the hearing given his argumentative and disruptive behavior (*see Matter of Jackson v Fischer*, 67 AD3d 1207, 1208 [2009]). Nor do we find any "indication that the Hearing Officer was biased or that the determination flowed from any alleged bias" (*Matter of Dawes v Venettozzi*, 87 AD3d 1219, 1220 [2011], *lv denied* 18 NY3d 803 [2012]). As for petitioner's contention that the subject rule is unconstitutional, this claim is not properly before us inasmuch as "it must first be raised in the context of the prison grievance procedure" (*Matter of Samuels v Department of Correctional Servs. Staff*, 84 AD3d 1629, 1630 [2011]).

Peters, P.J., Rose, Lahtinen, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.