■ In the Matter of JOSE CARRASCO, Petitioner, v BRIAN S. FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [947 NYS2d 219]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

A correction officer monitoring the visiting room observed petitioner strike his wife in the face during a visit. As a result,

petitioner was charged in a misbehavior report with engaging in violent conduct, assaulting another person and violating visiting room procedures. He was found guilty of these charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. During the same time period, an investigation was ongoing which revealed that petitioner had placed a third-party telephone call to his wife and brother soliciting them to bring a prescription medication into the correctional facility. Consequently, a second misbehavior report was prepared charging petitioner with making a third-party telephone call, conspiring to possess a controlled substance, violating visiting room procedures and smuggling. Following a second tier III disciplinary hearing, petitioner was found guilty of these charges and this determination was later affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging both determinations.

Turning first to the determination finding petitioner guilty of the charges contained in the initial misbehavior report, the report itself and related documentation, together with the testimony of the correction officer who prepared the report and another officer working in the visiting room at the time, provide substantial evidence supporting this determination (*see Matter of White v Fischer*, 87 AD3d 1249, 1250 [2011]; *Matter of Perez v Fischer*, 69 AD3d 1279, 1279 [2010]). The contrary testimony of petitioner and his witnesses presented a credibility issue for the Hearing Officer to resolve (*see Matter of Johnson v Fischer*, 84 AD3d 1623 [2011]; *Matter of Truman v Fischer*, 75 AD3d 1019, 1020 [2010]).

As for the determination finding petitioner guilty of the charges contained in the second misbehavior report, the report itself, together with the testimony of the correction officer who prepared it and the correction officer who interpreted the transcribed telephone conversation, provide substantial evidence supporting such determination (*see Matter of Cruz v Walsh*, 87 AD3d 1234, 1234-1235 [2011]; *Matter of Williams v Goord*, 301 AD2d 983, 984 [2003]). Contrary to petitioner's claim, we do not find that he was improperly denied the right to have his wife testify at the hearing given that the Hearing Officer made efforts to contact her by telephone, all to no avail (*see Matter of Vizcaino v Selsky*, 26 AD3d 574, 575 [2006], *lv denied* 7 NY3d 708 [2006]). Likewise, we do not find that petitioner was improperly excluded from the hearing in view of the fact that he attended the majority of it, but was ejected after engaging in disruptive behavior (*see Matter of Ifill v Fischer*, 79 AD3d 1322, 1323 [2010]).

We have considered petitioner's remaining arguments with regard to both determinations and find that they are either unpreserved for our review or lacking in merit.

Peters, P.J., Mercure, Spain, Malone Jr. and McCarthy, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.