Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) *781 to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
Correction officials discovered two hardback razors sent through the mail to petitioner at the correctional facility where he was incarcerated as well as a letter revealing that petitioner had requested such items be sent to him. As a result, he was charged in a misbehavior report with conspiring to possess a weapon, smuggling and violating facility correspondence procedures. Shortly thereafter, petitioner’s cell was searched and correction officials found a letter containing gang-related references. Consequently, petitioner was charged in a second misbehavior report with possessing gang-related material. Following a tier III disciplinary hearing on the charges contained in both reports, petitioner was found guilty of all of the charges except for violating facility correspondence procedures. The determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.
We confirm. That part of the determination finding petitioner guilty of conspiring to possess a weapon and smuggling is supported by substantial evidence consisting of the first misbehavior report and related documentation, together with the testimony of the mail room clerk who discovered the razor blades and letter (see Matter of Dozier v Selsky, 54 AD3d 1074, 1075 [2008]; Matter of Dexter v Goord, 43 AD3d 516, 517 [2007]). Likewise, the second misbehavior report and related documentation, together with the testimony of the correction captain experienced in deciphering gang-related references, provides substantial evidence supporting that part of the determination finding petitioner guilty of possessing gang-related material (see Matter of Cornwall v Fischer, 72 AD3d 1364, 1365 [2010]; Matter of Jenkins v Goord, 30 AD3d 719, 720 [2006]). Petitioner’s claim of inadequate assistance is not substantiated by the record nor is there any indication that he suffered from any prejudice (see Matter of Boley v Selsky, 50 AD3d 1411, 1412 [2008]; Matter of Nieves v Selsky, 263 AD2d 795, 796 [1999]). Finally, there is nothing in the record to suggest that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of James v Bezio, 94 AD3d 1312, 1313 [2012]; Matter of Parra v Fischer, 76 AD3d 724, 725 [2010], lv denied 15 NY3d 714 [2010]). Therefore, we find no reason to disturb the determination of guilt.
Rose, J.P., Lahtinen, Kavanagh, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.