■ In the Matter of ANTHONY D. AMAKER, Petitioner, v NOR-
MAN BEZIO, as Director of Special Housing and Inmate Discipli-
nary Programs, Respondent. [950 NYS2d 792]—

Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County)
to review two determinations of the Commissioner of Correc-
tions and Community Supervision which found petitioner guilty
of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding chal-
lenging two tier III disciplinary determinations. The first
misbehavior report charged violations of seven disciplinary rules
arising from an argument between petitioner and correction of-
ficers about his right to wear his hair in dreadlocks, occurring
as he was en route to attend religious services. The second
misbehavior report was issued later on the same day, charging
three rule violations arising from a further verbal confrontation
between petitioner and a correction officer after being escorted
back to his cell and ordered to lock in. In the first matter,
petitioner was found guilty of six violations following a hearing.
Upon his administrative appeal, four were upheld: demonstra-
tion, creating a disturbance, interference with an employee and
disobeying a direct order. Following his hearing in the second
matter, petitioner was found guilty of refusing a direct order,
movement regulation violation and verbal harassment. All were
upheld upon his administrative appeal.

We confirm. As to the first misbehavior report, the detailed
report together with the testimony of its author and another
correction officer present at the scene constitute substantial ev-
idence supporting the determination of guilt (*see Matter of
Carrasco v Fischer*, 96 AD3d 1315, 1316 [2012]; *Matter of Gal-
lagher v New York State Dept. of Correctional Servs.*, 96 AD3d
1319, 1320 [2012]). Contrary to petitioner's argument, the rec-
ord demonstrates that he was not denied his right to call rele-
vant or material witnesses (*see Matter of White v Fischer*, 87
AD3d 1249, 1250 [2011]). Petitioner's claim that the misbehavior
report was filed in retaliation or because of religious or racial
bias posed a credibility issue for the Hearing Officer to resolve
(*see Matter of White v Fischer*, 95 AD3d 1582, 1583 [2012]; *Mat-
ter of Abbas v Selsky*, 22 AD3d 982, 983 [2005]). The fact that
these issues were resolved adversely to petitioner does not, as
he claims, establish bias (*see Matter of Cendales v Goord*, 305
AD2d 824, 825 [2003]). Though petitioner claims that the cor-
rection officers were violating the terms of a federal court pre-

liminary injunction, he was not entitled to engage in demonstrations or other forms of self-help (*see Matter of Burgos v Fischer*, 90 AD3d 1403, 1404 [2011]), nor was he entitled on this basis to refuse to obey direct orders (*see Matter of Miller v Goord*, 2 AD3d 928, 930 [2003]; *Matter of Tafari v McGinnis*, 307 AD2d 502, 503 [2003]).*

Upon review of the second misbehavior report and the testimony of the hearing in this second proceeding, we find the determination of guilt supported by substantial evidence (*see Matter of Walker v Bezio*, 96 AD3d 1268 [2012]). There is no record evidence supporting petitioner's claims that the Hearing Officer was biased against him and the report was filed for a retaliatory purpose. Finally, "[w]e find no error in the Hearing Officer's removal of petitioner from the hearing given his argumentative and disruptive behavior" (*Matter of McKinney v Fischer*, 94 AD3d 1325, 1326 [2012]).

Petitioner's remaining contentions, including his claims that the extensions granted for completion of the disciplinary hearing relative to the first report were improper, have been examined and found to be unpersuasive.

Peters, P.J., Rose, Spain, Kavanagh and Garry, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.

---

* In such circumstances, inmates must seek redress through other means, such as the grievance procedure (*see Matter of Davis v Goord*, 301 AD2d 1002, 1003 [2003], *lv dismissed* 100 NY2d 534 [2003]).