Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner commenced this CPLR article 78 proceeding challenging two tier III disciplinary determinations. The first misbehavior report charged violations of seven disciplinary rules arising from an argument between petitioner and correction officers about his right to wear his hair in dreadlocks, occurring as he was en route to attend religious services. The second misbehavior report was issued later on the same day, charging three rule violations arising from a further verbal confrontation between petitioner and a correction officer after being escorted back to his cell and ordered to lock in. In the first matter, petitioner was found guilty of six violations following a hearing. Upon his administrative appeal, four were upheld: demonstration, creating a disturbance, interference with an employee and disobeying a direct order. Following his hearing in the second matter, petitioner was found guilty of refusing a direct order, movement regulation violation and verbal harassment. All were upheld upon his administrative appeal.
We confirm. As to the first misbehavior report, the detailed report together with the testimony of its author and another correction officer present at the scene constitute substantial evidence supporting the determination of guilt (see Matter of Carrasco v Fischer, 96 AD3d 1315, 1316 [2012]; Matter of Gallagher v New York State Dept. of Correctional Servs., 96 AD3d 1319, 1320 [2012]). Contrary to petitioner’s argument, the record demonstrates that he was not denied his right to call relevant or material witnesses (see Matter of White v Fischer, 87 AD3d 1249,1250 [2011]). Petitioner’s claim that the misbehavior report was filed in retaliation or because of religious or racial bias posed a credibility issue for the Hearing Officer to resolve (see Matter of White v Fischer, 95 AD3d 1582, 1583 [2012]; Matter of Abbas v Selsky, 22 AD3d 982, 983 [2005]). The fact that these issues were resolved adversely to petitioner does not, as he claims, establish bias (see Matter of Cendales v Goord, 305 AD2d 824, 825 [2003]). Though petitioner claims that the correction officers were violating the terms of a federal court pre *1147 liminary injunction, he was not entitled to engage in demonstrations or other forms of self-help (see Matter of Burgos v Fischer, 90 AD3d 1403, 1404 [2011]), nor was he entitled on this basis to refuse to obey direct orders {see Matter of Miller v Goord, 2 AD3d 928, 930 [2003]; Matter of Tafari v McGinnis, 307 AD2d 502, 503 [2003]).*
Upon review of the second misbehavior report and the testimony of the hearing in this second proceeding, we find the determination of guilt supported by substantial evidence (see Matter of Walker v Bezio, 96 AD3d 1268 [2012]). There is no record evidence supporting petitioner’s claims that the Hearing Officer was biased against him and the report was filed for a retaliatory purpose. Finally, “[w]e find no error in the Hearing Officer’s removal of petitioner from the hearing given his argumentative and disruptive behavior” (Matter of McKinney v Fischer, 94 AD3d 1325, 1326 [2012]).
Petitioner’s remaining contentions, including his claims that the extensions granted for completion of the disciplinary hearing relative to the first report were improper, have been examined and found to be unpersuasive.
Peters, PJ., Rose, Spain, Kavanagh and Garry, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.

 In such circumstances, inmates must seek redress through other means, such as the grievance procedure (see Matter of Davis v Goord, 301 AD2d 1002, 1003 [2003], lv dismissed 100 NY2d 534 [2003]).