*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 6, 2014                518515
_____

In the Matter of EON SHEPHERD,
                    Petitioner,

        v                                   MEMORANDUM AND JUDGMENT

BRIAN FISCHER, as Commissioner
    of Corrections and
    Community Supervision,
                    Respondent.
_____

Calendar Date:  September 16, 2014

Before:  Lahtinen, J.P., Stein, Garry, Rose and Egan Jr., JJ.

_____

        Eon Shepherd, Wallkill, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of the Superintendent of Downstate Correctional Facility, a determination of the Superintendent of Five Points Correctional Facility, and two determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

        Petitioner refused orders issued on January 10, 2013, January 24, 2013 and January 28, 2013 to prepare for transfer to Five Points Correctional Facility, and had to eventually be extracted from his cell so that the move could be effectuated. He was accordingly charged with refusing a direct order and a movement regulation violation in three misbehavior reports, one for each of the incidents.  Petitioner was found guilty as

charged following a tier II disciplinary hearing on the first report and tier III disciplinary hearings on the second and third reports, and the determinations were affirmed upon administrative appeal. After petitioner surreptitiously deactivated the device that the Hearing Officer was using to record the disciplinary hearing on the January 24, 2013 incident, he was charged in a misbehavior report dated February 4, 2013 with tampering with property and employee interference. He was found guilty as charged following a tier II disciplinary hearing, and that determination was affirmed upon administrative appeal. Petitioner commenced this CPLR article 78 proceeding to challenge all four determinations.

Substantial evidence, including the misbehavior reports and testimony at the hearings, supports the determinations with regard to the January 10, 2013, January 24, 2013 and January 28, 2013 incidents. Petitioner asserted that he did not obey the orders because he believed them to be improper but, regardless of his belief, "he was not entitled to engage in . . . self-help" by refusing to comply with them (Matter of Amaker v Bezio, 98 AD3d 1146, 1146-1147 [2012]; see Matter of Miller v Goord, 2 AD3d 928, 930 [2003]). To the extent that petitioner sought to introduce documentary and testimonial evidence regarding his reasons for resisting the transfer orders, those requests were properly denied on relevance grounds (see Matter of Miller v Goord, 2 AD3d at 930).

The misbehavior report of February 4, 2013, and material considered at the ensuing hearing, provide substantial evidence to support the determination with regard thereto (see Matter of Franza v Venettozzi, 98 AD3d 782, 783 [2012]). The Hearing Officer learned that petitioner was refusing to attend the hearing without offering an explanation and was free to conduct the hearing in petitioner's absence after questioning two correction officers regarding petitioner's absence and learning that he "refused to attend the hearing[] or sign [a] written waiver[] although he was advised of the consequences of doing so" (Matter of Abbas v Selsky, 22 AD3d 982, 983 [2005]).

Petitioner's remaining contentions, to the extent they are properly preserved for review, have been examined and found to

lack merit.

Lahtinen, J.P., Stein, Garry, Rose and Egan Jr., JJ., concur.

ADJUDGED that the determinations are confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court