*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: April 23, 2015                519202
_____

In the Matter of DUPREE
    HARRIS,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

JOSEPH SMITH, as Superintendent
    of Shawangunk Correctional
    Facility,
                    Respondent.
_____

Calendar Date: February 24, 2015

Before: Peters, P.J., Lahtinen, Egan Jr. and Lynch, JJ.

                    _____


        Dupree Harris, Wallkill, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                    _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Ulster County) to
review a determination of respondent which found petitioner
guilty of violating a prison disciplinary rule.

        During the course of an investigation in which confidential
information was received, a correction official determined that
petitioner facilitated a third-party telephone call for another
inmate. As a result, he was charged in a misbehavior report with
making a third-party telephone call and using another inmate's
personal identification number (hereinafter PIN). Following a
tier II disciplinary hearing, petitioner was found guilty of
making a third-party telephone call, but not guilty of using an
inmate's PIN. The determination was later affirmed on

administrative appeal and this CPLR article 78 proceeding ensued.

We confirm.  Substantial evidence, consisting of the detailed misbehavior report, hearing testimony – including petitioner's testimony in which he admitted to making the telephone call at issue and allowing another inmate to participate in the call – and the audio recording of the telephone call, supports the determination of guilt (see Matter of Haigler v Fischer, 119 AD3d 1261, 1262 [2014], lv denied 24 NY3d 908 [2014]; Matter of Carrasco v Fischer, 96 AD3d 1315, 1316 [2012]).  Moreover, contrary to petitioner's claim, the exclusion of the transcript of the recorded telephone conversation does not preclude meaningful review of the matter inasmuch as the recording is part of the record and he was afforded the opportunity to listen to the recording during the hearing and respond to its contents (see Matter of Davila v Prack, 113 AD3d 978, 978 [2014], lv denied 23 NY3d 904 [2014]).

Finally, the record does not support petitioner's contention that the Hearing Officer relied upon the confidential information in rendering the determination (see Matter of Credell v Fischer, 120 AD3d 857, 858 [2014]; Matter of Aguirre v Fischer, 111 AD3d 1219, 1220 [2013]).  Petitioner's remaining claims have been examined and found to be without merit.

Peters, P.J., Lahtinen, Egan Jr. and Lynch, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court