# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

103

CA 14-01790

PRESENT: WHALEN, P.J., SMITH, CENTRA, CARNI, AND SCUDDER, JJ.

---

IN THE MATTER OF WILFREDO POLANCO,
PETITIONER-APPELLANT,

V                                          MEMORANDUM AND ORDER

ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK
STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT-RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF COUNSEL), FOR RESPONDENT-RESPONDENT.

-----------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered August 29, 2014 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, after a tier II hearing, that he violated several inmate rules arising from his refusal to follow an order directing him to move to a different cell. We reject petitioner's contention that he was denied due process when the Hearing Officer did not allow him to call certain witnesses to testify at the hearing. Petitioner contended that the witnesses would support his contention that he had a valid reason for refusing to follow the correction officer's order that he move to a different cell. "It is well settled that petitioner, as a prison inmate, 'was required to promptly obey the order even if he disagreed with it' " (*Matter of Bailey v Prack*, 125 AD3d 1028, 1028; *see Matter of Miller v Goord*, 2 AD3d 928, 930). Inasmuch as the proposed witnesses had no information regarding whether petitioner refused to obey an order, their testimony was properly excluded based on "their lack of direct knowledge of the facts giving rise to this proceeding" (*Matter of Nijman v Goord*, 294 AD2d 737, 738; *see Miller*, 2 AD3d at 930). Finally, petitioner failed to exhaust his administrative remedies with respect to his contention that the Hearing Officer was biased against him because he failed to raise it in his administrative appeal, and this Court "has no discretionary power to reach [it]" (*Matter of Nelson v Coughlin*, 188

AD2d 1071, 1071, *appeal dismissed* 81 NY2d 834).