■ In the Matter of JENNIFER WADE, Petitioner, v D. VENET-TOZZI, Director of Special Housing, Inmate Disciplinary Program, et al., Respondents. [60 NYS3d 878]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Orleans County [James P. Punch, A.J.], entered March 20, 2017) to review a determination that found, after a tier III hearing, that petitioner had violated an inmate rule.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul a determination finding her guilty, following a tier III hearing, of violating inmate rule 113.24 (7 NYCRR 270.2 [B] [14] [xiv] [drug use]). Contrary to petitioner's contention, the testimony and evidence presented at the hearing, including the positive results of two urinalysis tests indicating the presence of opiates, constitute substantial evidence to support the determination (see Matter of Lahey v Kelly, 71 NY2d 135, 138 [1987]). The conflicting testimony on the issue whether the positive test results were caused by the alleged consumption of poppy seed dressing raised an issue of credibility for resolution by the Hearing Officer (see e.g. Matter of Gonzalez v Selsky, 301 AD2d 1019, 1019-1020 [2003]; Matter of Wood v Selsky, 240 AD2d 876, 877 [1997]; see generally Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]).

Petitioner failed to raise at the hearing her present contention that the correction officer who testified at the hearing concerning the results of the urinalysis tests was not a valid expert on the reliability of the drug testing process and thus failed to preserve that contention for our review (see Matter of Reeves v Goord, 248 AD2d 994, 994-995 [1998], lv denied 92 NY2d 804 [1998]). Furthermore, petitioner's contention concerning the withholding of her good time allowance at a subsequent proceeding is not properly before us. We have reviewed petitioner's remaining contentions and conclude that they are without merit. Present—Whalen, P.J., Smith, Carni, DeJoseph and Curran, JJ.