Matter of Yarborough v Annucci (2018 NY Slip Op 06418)





Matter of Yarborough v Annucci


2018 NY Slip Op 06418


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1049 TP 18-00478

[*1]IN THE MATTER OF MICHAEL YARBOROUGH, PETITIONER,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER.
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (JULIE M. SHERIDAN OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered March 19, 2018) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the amended petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III disciplinary hearing, that he violated various inmate rules. Contrary to petitioner's contention, the determination is supported by substantial evidence (see Matter of Adams v Annucci, 158 AD3d 1091, 1091 [4th Dept 2018]; see generally People ex rel. Vega v Smith, 66 NY2d 130, 139 [1985]).
Petitioner further contends that the Hearing Officer improperly denied his request to call a certain inmate as a witness at the hearing because the Hearing Officer failed to ascertain the reason for the inmate's refusal to testify. We reject that contention. The record establishes that the inmate had initially agreed to testify as a witness for petitioner but ultimately refused to do so, despite the Hearing Officer's personal efforts to secure his testimony and to ascertain the reason for the refusal. "[W]hen the [H]earing [O]fficer conducts a personal interview but is unable to elicit a genuine reason from the refusing witness, the charged inmate's right to call witnesses will have been adequately protected" (Matter of Hill v Selsky, 19 AD3d 64, 67 [3d Dept 2005]; see Matter of Blades v Annucci, 153 AD3d 1502, 1503-1504 [3d Dept 2017]). In any event, we note that the inmate's testimony would have been properly excluded by the Hearing Officer as redundant to the testimony of another inmate who testified at petitioner's hearing (see Matter of Inesti v Rizzo, 155 AD3d 1581, 1582 [4th Dept 2017]).
Finally, petitioner contends that the Hearing Officer erred in failing to assess the credibility and reliability of the informants who provided confidential testimony. Petitioner failed to raise that contention in his administrative appeal and thus failed to exhaust his administrative remedies with respect to it, and this Court lacks the discretionary authority to consider that contention (see Matter of Polanco v Annucci, 136 AD3d 1325, 1325 [4th Dept 2016]).
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court