Matter of Anselmo v Annucci (2019 NY Slip Op 05252)





Matter of Anselmo v Annucci


2019 NY Slip Op 05252


Decided on June 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 27, 2019

527901

[*1]In the Matter of ALEX ANSELMO, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: May 24, 2019

Before: Garry, P.J., Lynch, Mulvey, Devine and Rumsey, JJ.


Alex Anselmo, Malone, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with disobeying a direct order, harassment, making threats and misusing mess hall utensils. The charges stemmed from an incident wherein petitioner refused to return his food tray to the correction officer tasked with retrieving it and made various threats. Following a tier III disciplinary hearing, petitioner was found guilty of all charges and a penalty was imposed. Petitioner's administrative appeal was unsuccessful, prompting petitioner to commence this CPLR article 78 proceeding to challenge respondent's determination.
We confirm. The detailed misbehavior report, the hearing testimony and the videotape of the incident, which shows that petitioner initially did not return his food tray, constitute substantial evidence to support the determination of guilt (see Matter of Rosado v Venettozzi, 160 AD3d 1330, 1330 [2018]; Matter of Washington v Annucci, 160 AD3d 1248, 1248 [2018]; see also Matter of Clyde v Nelson, 167 AD3d 1132, 1133 [2018]). To the extent that petitioner contends that he was justified in his actions as this was the only means by which he could obtain the assistance of a correction sergeant relative to his request for headphones, petitioner is required to obey a direct order given by a correction officer, even if petitioner disagrees with the order or believes it to be unauthorized (see Matter of Bekka v Annucci, 168 AD3d 1334, 1335 [2019]; Matter of Bailey v Prack, 125 AD3d 1028, 1028 [2015]). Petitioner is neither free to choose which orders to "either obey or disregard" (Matter of Hudyih v Smith, 129 AD3d 1435, 1435 [2015], lv denied 26 NY3d 909 [2015]) nor permitted to engage in self-help (see Matter of Jackson v Annucci, 159 AD3d 1204, 1205 [2018]; Matter of Shepherd v Fischer, 122 AD3d 987, 988 [2014]).
Although petitioner asserts that he was denied employee assistance, the assistance form indicated that he "didn't need anything" and he denied that he needed assistance when asked by the Hearing Officer. Accordingly, petitioner waived any argument on this point (see e.g. Matter of McKinley v Goord, 44 AD3d 1164, 1164 [2007]). With respect to the videotape of the incident, petitioner was shown approximately 10 minutes of video recording, and the Hearing Officer correctly concluded that the relevant portion thereof was the segment depicting petitioner's failure to hand over his food tray. Finally, we find no merit to petitioner's claim that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of White v Annucci, 170 AD3d 1372, 1373 [2019]; Matter of McKanney v Annucci, 170 AD3d 1354, 1355 [2019]). Petitioner's remaining arguments are either unpreserved for our review or have been reviewed and found to be lacking in merit.
Garry, P.J., Lynch, Mulvey, Devine and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.