Matter of Cushman v Venettozzi (2020 NY Slip Op 04654)





Matter of Cushman v Venettozzi


2020 NY Slip Op 04654


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, AND DEJOSEPH, JJ.


321 TP 19-00515

[*1]IN THE MATTER OF SARAH CUSHMAN, PETITIONER,
v
D. VENETTOZZI, DIRECTOR OF SPECIAL HOUSING/INMATE DISCIPLINARY PROGRAM, S. SQUIRES, SUPERINTENDENT OF ALBION CORRECTIONAL FACILITY, M. SIMMONS, ALBION CORRECTIONAL FACILITY'S FORMER DEPUTY SUPERINTENDENT OF SECURITY, R. MATIAS ROBERTS, LIEUTENANT AT ALBION CORRECTIONAL FACILITY, AND D. MACK, CORRECTIONAL OFFICER AT ALBION CORRECTIONAL FACILITY, RESPONDENTS. 






SARAH CUSHMAN, PETITIONER PRO SE. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF COUNSEL), FOR RESPONDENTS. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Orleans County [Michael M. Mohun, A.J.], entered March 19, 2019) to review a determination of respondents. The determination found after a tier III hearing that petitioner had violated an inmate rule. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III disciplinary hearing, that she violated inmate rule 113.24 (7 NYCRR 270.2 [B] [14] [xiv] [drug use]). Contrary to petitioner's contention, the testimony and evidence presented at the hearing, including the positive results of two urinalysis tests indicating the presence of buprenorphine/suboxone, constitute substantial evidence to support the determination (see Matter of Lahey v Kelly, 71 NY2d 135, 138 [1987]; Matter of Wade v Venettozzi, 153 AD3d 1649, 1650 [4th Dept 2017]; Matter of Robinson v Herbert, 269 AD2d 807, 807 [4th Dept 2000]). Petitioner's denials of the reported misbehavior raised, at most, an issue of credibility for resolution by the hearing officer (see Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]). Contrary to petitioner's contention, there is no evidence of a break in the chain of custody related to the urine sample, and the proper procedures and documents were utilized (see Robinson, 269 AD2d at 807). Petitioner's request that video evidence of the testing room be shown was properly denied inasmuch as that evidence "would have been either redundant or immaterial" (Matter of Jackson v Annucci, 122 AD3d 1288, 1288 [4th Dept 2014] [internal quotation marks omitted]). Petitioner failed to exhaust her administrative remedies with respect to her further contention that she was denied the right to call a certain officer witness, and this Court "has no discretionary power to reach [it]" (Matter of Nelson v Coughlin, 188 AD2d 1071, 1071 [4th Dept 1992], appeal dismissed 81 NY2d 834 [1993]; see Matter of Polanco v Annucci, 136 AD3d 1325, 1325 [4th Dept 2016]). Finally, we reject petitioner's contention that the hearing officer was biased or that the determination flowed from the alleged bias (see Matter of Jones v Annucci, 141 AD3d 1108, 1109 [4th Dept 2016]).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court